## Ex Parte Peneveyre.

One owning a ground rent and bound by covenant to release it on being paid the principal, died, leaving an executor and devising his estate one half in trust for the wife of the executor, the other half to another person, and the ground rent was subject to a general lien for the testator's debts, and to a mortgage by and judgments against the testator. Decreed that the executor and wife should join in a release, on the executor's receiving the amount due, he first giving bond as directed by the Act of Assembly.

CHARLES PENEVEYRE petitioned this court, stating that Catharine Hanchman of the city of Philadelphia, widow, by indenture dated the 22d of May 1834, granted and conveyed unto Charles F. Souder, of said city, his heirs and assigns, a certain brick messuage or tenement and lot or piece of ground, situate on the south side of Sassafras street, between Delaware Fifth and Sixth streets, in said city, &c., yielding and paying therefor unto the said Catharine, her heirs and assigns, the yearly rent or sum of $168, lawful silver money of the United States of America, in equal half-yearly payments on the 20th day of the months of May and November, in each and every year thereafter forever, without any deduction or abatement for taxes or charges. And by the said indenture it was provided, that if the said Souder, his heirs or assigns, should, and did at any time within ten years from the date thereof, pay or cause to be paid to the said Catharine, her heirs or assigns, the just and full sum of $2800, lawful money aforesaid, and the arrearages of the said yearly rent to the time of such payment, then the said yearly rent thereby reserved should forever thereafter cease and be extinguished, and the covenant for payment thereof should become void, and then she, the said Catharine, her heirs and assigns, should and would at the proper costs and charges in the law of the said grantee, his heirs or assigns, by some proper deed or assurance in the law to be well and sufficiently executed and acknowledged, grant, release and extinguish the said yearly rent thereby reserved, and all her and their estate and interest in and to the said lot of ground thereby granted, with the appurtenances, unto the said Souder, his heirs and assigns for-

ever, anything therein contained before to the contrary thereof notwithstanding: as by the said indenture duly acknowledged and recorded, &c.

That the said premises, subject to the said ground rent, have since, by virtue of sundry conveyances, become vested in your petitioner, Charles Peneveyre, in fee, and that the said Catharine Hanchman, after the making of the said indenture died, being seised in fee of the said rent, and having first made her last will and testament, bearing date the 18th day of May 1842, and duly proved, whereby among other things she did order all the rest, residue and remainder of her estate, real, personal and mixed, (including the said ground rent), whatsoever and wheresoever, to be divided into two equal parts or shares, and one full equal half part or share she did thereby give, devise and bequeath unto Joseph G. Auner, of the city of Philadelphia, bookseller, his heirs, executors, administrators and assigns, in trust nevertheless to and for the following uses, intents and purposes, that is to say, in trust to collect and receive all the rents, interests, incomes and profits thereof, and pay over the same, when and as received, unto her niece Catharine Lents, for her own use, notwithstanding any coverture, for and during all the term of her natural life, free from the intervention and control of any husband she may have or take, and without being in any way or manner subject to or liable for any of his contracts, debts or engagements, and from and immediately after the death of the said Catharine Lents, then upon the trusts specified in the said will, as by reference thereto will fully appear. And the other and remaining one full equal half part or share of all the said rest, residue and remainder of her estate, real, personal and mixed, whatsoever and wheresoever, the said testatrix did devise and bequeath unto her niece, Mary Ann Auner, wife of the said Joseph G. Auner, to hold to her, her heirs, executors, administrators and assigns forever; and the said testatrix then and thereby nominated and appointed the said Joseph G. Auner executor of her said last will and testament, to whom letters testamentary were regularly granted, upon probate of the said will having been duly made.

And your petitioner further showeth, that the said ground rent hath in this manner become vested partly in a trustee, to wit, the said Joseph G. Auner, and partly in a person not authorized to release or extinguish the same. And he respectfully prays the honourable court, that upon consideration of the prayer of this petition and the contract whereon it is founded, they may make an order authorizing and requiring a release or discharge of the said ground rent, to be executed by the said Joseph G. Auner, executor of the said grantor, Catharine Hanchman, and by him as trustee, and any other parties whose assent or joinder therein may be deemed necessary unto your petitioner, in such manner and form as the honorable court shall judge to be consistent with

the true intent and meaning of the parties to the deed by which the said rent hath been reserved, on payment of all arrearages of rent and of the additional sum of money specified in the deed as aforesaid, according to the Act of Assembly in such cases made and provided."

Joseph G. Auner, executor of the last will and testament of Catharine Hanchman, deceased, answered, "that it is true that the said Catharine Hanchman, deceased, granted and conveyed the premises in the said petition described, unto Charles F. Souder, reserving the ground rent therein set forth, and that she did covenant to grant, release and extinguish the said rent on payment within ten years of the sum of $2800, and the arrearages of the said yearly rent to the time of such payment; and the said executor believes it to be true that the said petitioner is now seised in fee of the said premises subject to the said ground rent.

And the said respondent also says, that it is true that the said Catharine Hanchman departed this life seised in fee of the said rent charge, and that by her last will and testament duly proved, she devised and bequeathed her estate as in the said petition recited, and that letters testamentary were duly granted to the respondent, and that he is willing and ready to execute a deed of release and extinguishment of the said rent charge on payment of the said sum of $2800, and the arrearages of the said yearly rent to the time of said extinguishment and release, but that the said ground rent (together with others) is incumbered by a certain mortgage for the payment of $3500 (made by the said Catharine Hanchman in her life time) to Thomas Lee and Alfred Lee, executors of Benjamin Lee, of Norwich, Connecticut, deceased, and also by the lien of a judgment for $8000, upon a bond given by Catharine Hanchman to William D. Lewis, obtained and now held by the assignees of the said William D. Lewis, against the said Catharine Hanchman, and also by the lien of a judgment for $1000, upon a bond given by the said Catharine Hanchman to the respondent for a like sum, and the respondent does not know whether he is or can be legally authorized and empowered to execute a deed of release and extinguishment of the said rent charge, on payment of the said sum of $2800, the said rent being devised to the parties set forth in the said petition as part of the residuary estate of Catharine Hanchman, and also being incumbered as above stated: and he prays the Court to take the same into consideration, and to make such order thereon as to right and justice shall appertain."

The questions submitted to the court were:

1. A part of the premises being subject to a trust, without any authority in the trustee to extinguish the ground rent, is not the deed to be executed for the whole by the executor?

2. Do not the liens for debts arising, 1st, from specific incumbrances, or, 2d, from the general lien for the payment of debts

[Ex Parte Peneveyre.]

upon the death of the ground-landlord, authorize the court to direct the extinguishment of the rent by the executors?

3. If the executors neglect or refuse to give security, will not the court order the money to be paid into court to be distributed according to law?

*Clay* and *Williams*, for the petitioner.
*W. L. Brown*, for the executor.

This court made the following decree:

It appearing to the court from the pleadings in this case,

1. That the ground rent therein mentioned is by the terms of the deed reserving the same subject to redemption.

2. That Catharine Hanchman, the grantor, by whom the said ground rent was reserved, died leaving a will, whereby she appointed Joseph G. Auner her executor.

3. That the said ground rent is subject to a general lien for the payment of the debts of the decedent under the Act of Assembly —to specific liens by mortgages given by and judgment obtained against the testatrix during her life; and also in part to certain trusts created by the said will, in consequence whereof there is no person authorized to release and extinguish the ground rent aforesaid.

Now, therefore, it is hereby adjudged by the court, that the said contract for the redemption of the said ground rent is valid and obligatory between the parties.

And it is hereby ordered, that Joseph G. Auner, the executor of Catharine Hanchman, deceased, shall be and he hereby is authorized and required, upon the payment to him of the principal of said ground rent in the deed reserving the same mentioned, and all arrears and interest due thereon, to execute and deliver unto the said Charles Peneveyre and his heirs, a full, sufficient and absolute release of the said ground rent.

Provided, that before the execution of said release and perfecting the title as aforesaid, the said Joseph G. Auner shall give bond to the commonwealth in the sum of three thousand dollars, conditioned for the proper and legal distribution of the money so to be paid as aforesaid.

And it is hereby further ordered, that the said Joseph G. Auner, and Mary Ann his wife, shall be made parties to the said release, and shall be required to execute and deliver the same.