# Conard's Appeal.

An executor, as such, has nothing to do with legacies expressly charged on land, or that, by deficiency of personal estate, become charged on the residuary real estate.

Such legacies can be enforced only in the Orphans' Court, on petition by the legatee, against the owners of the land charged, with notice to the executors, or such others as may have an interest.

An annuity to a widow in lieu of dower, is chargeable on the residuary real estate, in case of deficiency of personal assets. But such charge creates no trust, by implication, in the executors, in order to enforce payment of the annuity.

A redeemable ground-rent, after the death of the grantor, is to be extinguished by his devisees; and they, and not the executors, are entitled to receive the redemption-money; unless there be debts owing by the decedent, in which case, it would be payable to the executors, on their giving security.

On the redemption of such ground-rent, an annuity to the widow in lieu of dower is to be secured, in whole or in part, out of the redemption-money.

Executors are not entitled to commissions on rents accruing after the death of their testator, and collected by them without authority.

APPEAL from the Orphans' Court of *Philadelphia.*

This was an appeal by Lewis R. Conard, guardian of his minor children, Rowena, Martha, Mary, Laura, Margaret, Emily,. and Ellen Conard, from the decree of the court below upon the accounts of Thomas Bickerton and Edmund J. Yard, executors of John Kline,. deceased.

John Kline died in 1855, and by his will, after several specific devises and bequests, he bequeathed unto his widow, Susanna Kline, an annuity of $500, as follows:—

" I give and bequeath unto my beloved wife, Susanna Kline, an

[Conard's Appeal.]

annuity or yearly sum of five hundred dollars, during all the term of her natural life, if she shall remain so long my widow and unmarried, in lieu and satisfaction of her dower or thirds in my estate; and which said sum of five hundred dollars is to be paid to her in even and equal quarterly payments, in every year during her natural life and widowhood aforesaid."

He then devised the residue of his estate, in the following terms :—

"All the rest, residue, and remainder of my estate, real, personal, and mixed, of whatever kind or sort the same may be, I give, devise, and bequeath unto the children of my said son Isaac Kline, and daughter Sarah Conard, their heirs, executors, administrators, and assigns, in equal shares, as tenants in common for ever;" and appointed the appellees his executors.

The testator died seised of a number of ground-rents, which formed part of his residuary estate. The executors collected a large amount of the rents accruing after the death of their testator, which they brought into their account, and on which they claimed to be allowed commissions. They also received the principal of one of the ground-rents, from the owner of the land out of which it issued, but no deed of extinguishment was executed; and on this sum they also claimed commissions.

A short time before the reference of their accounts to an auditor, the owner of another lot out of which one of the ground-rents was payable, applied by petition to the Court of Common Pleas, for a decree upon the parties in interest, to extinguish the rent, upon payment of the principal and arrears.

The executors and residuary devisees appeared to the citation, when the latter denied the right of the executors to receive the redemption-money, inasmuch as there were no debts of the testator remaining unpaid. A deed of extinguishment was, by agreement of parties, executed by the executors and devisees, and the money deposited to await the decree of the court, as to the parties entitled by law to receive it.

The auditor reported that the whole of the residuary estate of the testator passed to his executors in trust; and that they were, as such trustees, entitled to receive the redemption-moneys arising from the extinguishment of the ground-rents, and to commissions thereon, as well as on the rents collected by them.

To this report the appellant filed the following exceptions :

1. For that the auditor has reported that the residuary estate of John Kline, deceased, the testator, passed under his will to his executors in trust.

2. That the auditor has allowed the executors, commissions on the principal sum of the ground-rent extinguished under the direction of the court.

3. For that the auditor has reported that the executors are

entitled to receive the principal sums of two ground-rents; one of which was extinguished by the residuary devisees, in conjunction with said executors, and for the other of which no deed of extinguishment has been executed.

4. For that the auditor has allowed said executors, commissions on the ground-rents accrued after the death of testator.

The court below overruled these exceptions, and confirmed the report of the auditor; and from this decree the present appeal was taken.

*Thorn*, for the appellant.

*Budd*, for the appellees.

The opinion of the court was delivered by

Lowrie, C. J.—By the common law, executors had nothing to do with legacies expressly charged on land, or that, by deficiency of personal estate, became charged on the residuary real estate: and this is not changed by the system created by our acts of Assembly. It was only in equity that such legacies were enforced in England; and with us they are enforced only in the Orphans' Court, on petition by the legatee against the owners of the land charged, with notice to the executors and such others as may have any interest.

We know not how we can treat this annuity in any other way. It is a legacy in lieu of dower, and becomes a charge by reason of a deficiency of personal estate. This absolves the executors from all duty in relation to it. Their control of the residuary real estate is not needed in order to enforce payment of the legacy, and we can imply no trust in order to give it to them.

The estate charged was redeemable ground-rents, and it follows, that in the redemption, the right of the legatee must be secured. A common legacy would be paid at once. An annuity legacy must be adequately secured, in whole or *pro tanto*, out of the redemption-money. If there had been any debt of the estate remaining unpaid, it would have been right to pay the redemption-money to the executors, on their giving security, as in the case of selling real estate for debts: 6 *W. & S.* 446.

The money is now under the control of the court, and must be invested to secure the annuity, or paid to the residuary devisees if they shall adequately secure it. We think that all the exceptions taken to the auditor's report below are well founded; but the cause is not presented to us with sufficient fulness to enable us to make a decree, and we must send it back for further proceedings.

> Decree reversed, and all the four exceptions to the auditor's report sustained, and the cause remanded to the Orphans' Court for further proceedings according to law.