Estate of George Hartzell, deceased.   Appeal of George
M. Hartzell, Executor.

*Decedent's estates —Legacies charged on land—Remedy to enforce pay-
ment—Jurisdiction of orphans' court—Act of February 24, 1834, sec. 59.*

Section 59 of the act of February 24, 1834, P. L. 84, vests the jurisdic-
tion to enforce payment of a legacy charged on land exclusively in the
orphans' court, and the form of the remedy is by bill or petition by the
legatee, and not by the executor: Hart v. Homiller, 20 Pa. 248; 23 Pa. 39,
overruled, in so far as it relates to the question of practice.

Argued Oct. 8, 1896.   Appeal, No. 167, Oct. T., 1896, by
George M. Hartzell, executor, from decree of O. C. Westmore-
land Co., Nov. T., 1895, No. 32, dismissing petition of executor
to enforce payment of legacy charged on land.   Before STER-
RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN
and FELL, JJ.   Affirmed.

Petition by executor to enforce payment of legacy charged
upon land.

This was a petition by George M. Hartzell, executor of
George Hartzell, deceased, praying the court to issue a rule on
John G. Ruoff to show cause why he should not pay to said
petitioner the sum of $2,560, with interest, according to the
terms and. conditions of the last will and testament of Geo.
Hartzell, deceased, or to show cause why the court should not
make a decree commanding that the said sum of $2,560 should
be levied upon and collected out of the land upon which it is
charged, and make such order or decree touching the payment
of the aforesaid charge out of said tract of land, as may seem
requisite and just.

The court, DOTY, P. J., dismissed the petition on the ground
that the legatee, and not the executor, was the proper party to
file the petition.

*Error assigned* was decree dismissing petition.

*Geo. S. Rumbaugh* and *Paul H. Gaither*, with them *Cyrus E.
Woods*, for appellant.—This case is ruled by Hart v. Homiller,
20 Pa. 248; 23 Pa. 39.

This proceeding is an appeal to the equitable and chancery powers of the orphans' court, which has exclusive jurisdiction over all matters arising out of the settlement of estates. This proceeding is not confined to any one section of any act of assembly, but appeals to the general powers of the orphans' court as the only remedy: Shollenberger's App., 21 Pa. 341; Loomis v. Loomis, 27 Pa. 233.

*Vin E. Williams*, with him *A. M. Sloan* and *W. A. Griffith*, for appellee.—An executor has no authority to apply for sale of land to pay legacies under the will of his testator: Torrance v. Torrance, 53 Pa. 505; Conard's App., 33 Pa. 47; Fields's App., 36 Pa. 11; Swoope's App., 27 Pa. 58; Strickler v. Sheaffer, 5 Pa. 240; McKee v. McKee, 14 Pa. 237.

A legacy directly charged upon land devised is payable out of the land alone, or personally by the devisee, who by accepting the thing devised makes himself responsible. The remedy is in the orphans' court, against the devisee, or other holder of the estate, without reference to the executor named in the will, who as such, has no interest in the subject in controversy: Downer v. Downer, 9 W. 63, 302; Lobach's Case, 6 W. 167; Strickler v. Sheaffer, 5 Pa. 240; Read v. Read, 5 Pa. 241 (n.); Hoover v. Hoover, 5 Pa. 351; Miltenberger v. Schlegel, 7 Pa. 241; Mohler's App., 8 Pa. 26; Sheaffer's App., 8 Pa. 38; Fields's App., 36 Pa. 11; Brotzman's App., 119 Pa. 645; Pierce v. Livingston, 80 Pa. 99.

Hart v. Homiller, 20 Pa. 248, relied on with so much confidence by appellant, does not sustain his contention. It was an action of ejectment. The question of jurisdiction of the orphans' court, under a petition by an executor as such, for the payment of legacies charged on land, was not raised nor decided.

Fishburn's App., 10 W. N. C. 489, does not sustain appellant's contention, because, in the language of this court " it was a devise to him, on condition that he should pay the price at which it was valued to the executors." The question of jurisdiction was not raised.

Weiler's Est., 169 Pa. 67, is another case where the conveyance to the person sought to be charged was made expressly subject to the payment by the purchaser of the valuation money mentioned in the devise.

OPINION BY MR. JUSTICE MITCHELL, November 9, 1896:

The 59th section of the act of February 24, 1834, P. L. 84, vests the jurisdiction to enforce payment of a legacy charged on land in the orphans' court, and the form of the remedy is by bill or petition by the legatee. The cases on this act are uniform and emphatic that the jurisdiction of the orphans' court is exclusive. In the late case of Brotzman's Appeal, 119 Pa. 645, it was so held, although there were questions of the sufficiency of provisions for complainant's support, and the deprivation of privileges in the homestead, which are usually and most conveniently enforced by bill in a court of general equity jurisdiction.

The cases are equally emphatic that the form of remedy prescribed by the act must be pursued, and the petition filed by the legatee (or legatees jointly where there are more than one), and they might be considered as equally uniform except for Hart v. Homiller. This was twice before the court. The first time, reported in 20 Pa. 248, was in an action of ejectment by the legatees against the second vendee of the land charged. The jury were instructed that the ejectment could be maintained in lieu of a bill in equity, and plaintiffs recovered a verdict to be released on payment of the sum charged, with interest. On the merits of the case, that the land was still subject to the charge in the hands of the sheriff's vendee of the interest of one of the heirs, and that the vendee did not purchase the interest of the heir in the sum charged, but only his interest in the land, this court was with the plaintiff, but reversed the judgment on the ground that the jurisdiction was in the orphans' court. This was all that the case really decided, but in delivering the opinion LOWRIE, J., said, " this form of action cannot be sustained, and the executors, not the legal heirs, are the proper plaintiffs." Thereupon the executor filed a petition in the orphans' court, and the case came up again as Hart v. Homiller's Exec., 23 Pa. 39. The plaintiff in error made the objection that the legatees and not the executor were the proper parties to institute the proceeding, but in the opinion, also by LOWRIE, J., no notice was taken of this point, and the money was ordered to be paid to the executor. The case, therefore, as it stands is authority for the present proceeding, and we must inquire how far it is consistent with subsequent decisions. That it is contrary to

the literal wording of the statute is plain, and the disposition of the court has been to adhere closely to the express language of the act.

In Conard's Appeal, 33 Pa. 47, the testator charged an annuity to his widow, on the residuary estate consisting partly of ground rents. One of the latter was paid off, and the executors received the money and included it in their account. The court below awarded the whole residuary estate to the executors as a trust for the payment of the annuity, but this court reversed the decree, and rather notably, speaking again through LOW-RIE, C. J. said " By the common law executors had nothing to do with legacies expressly charged on land, or that, by deficiency of personal estate, became charged on the residuary real estate ; and this is not changed by the system created by our acts of assembly. It was only in equity that such legacies were enforced in England ; and with us they are enforced only in the orphans' court, *on petition by the legatee against the owners of the land charged, with notice to the executors* and such others as may have any interest. We know not how we can treat this annuity in any other way. It is a legacy in lieu of dower, and becomes a charge by reason of a deficiency of the personal estate. This absolves the executors from all duty in relation to it." In Fields's App., 36 Pa. 11, this court again said, " There was error also in bringing the suit in the name of the administrator with the will annexed. It is the duty of the executors or their substitutes to discharge legacies so far as funds come to their hands. *For deficiencies the legatees must proceed themselves against the devisees, or their assigns, whose land is charged with the payment.* We know of no law authorizing the executors to attend to this duty," citing Conard's Appeal. In Baker's Appeal, 59 Pa. 313, it was held that the legatees, if more than one, could join in the petition, and that the executors should be made parties, " though they may not petition for the payment of the legacies." To the same effect also is Knecht's Appeal, 71 Pa. 333, where it was held that the executor is a proper party defendant, but where the parties being in court, though on a petition informal in its mode of statement, the informality was not substantial and could be amended. In Weiler's Estate, 169 Pa. 66, the money appears to have been ordered to be paid to the administrator d. b. n. c. t. a. to be-

come part of a fund in court for distribution, but the form of petition or parties petitioning do not appear, and the question of practice was not raised or discussed.

These cases are all subsequent to Hart v. Homiller, and while not disturbing the principle of that decision must be accepted as establishing a different practice.   In some respects the action by the executor is the more convenient remedy, especially in cases like the present where the testator has directed something to be done, (i. e. the several sums to be added together and after deducting costs, to be divided,) and has not said by whom.   But as already said, the clear trend of the Court has always been to adhere closely to the directions of the statute, not only as to the tribunal, but also to the form of the remedy, and it is not now desirable to begin a departure from it.   The decree will therefore be affirmed, but as the merits of the case are clearly with the legatees, the court below may, if the interests of justice should appear to be served thereby, reinstate the petition and permit the legatees to come in upon it as parties plaintiff.

Decree affirmed, costs to be paid by appellant.