## Estate of Joseph Wright Allen, a minor. Appeal of A. B. Thompson, Guardian.

*Will—Legacy—Vested and contingent estates.*

Testator bequeathed to his daughter M. $1,000, to be invested in property two years after his death; to his daughter P. the same sum, to be paid to her two years after M.'s dowry became due; and to his daughter A. the same sum to be paid to her two years after P.'s dowry became due. In a paragraph relating to the bequest to M. he said, " if she should die before her husband, the above legacy is to go to her second son." In a subsequent paragraph he devised a farm to his son J. with the instruction that he should not sell or dispose of it while his sisters P. and A. remained single or unmarried. In the same paragraph he devised to J. a lot, " with the privilege of selling for the payment of the within legacies which he is to pay." A subsequent paragraph was as follows: " Should any of my said daughters die before they receive their dowries, in such a case J. shall be exempted from the payment thereof." M. survived the testator but died before the expiration of two years from testator's death. *Held*, (1) That the daughters are not entitled to receive the legacies bequeathed to them, except on the condition of their surviving the period designated for payment; (2) that the second son of M. is not entitled to the legacy of M.

Argued Oct. 26, 1898. Appeal, No. 2, Oct. T., 1898, by A. B. Thompson, from decree of O. C. Mercer Co., Sept. T., 1893, No. 81, dismissing petition for citation. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for citation on an executor to pay a legacy.

The facts appear by the opinion of MILLER, P. J., which was as follows:

This proceeding is in the nature of a citation on James E. Wright, executor of the estate of Joseph H. Wright, deceased, to show cause why he should not pay over to A. B. Thompson, guardian of Joseph W. Allen, the minor child of Mary Allen, deceased, the sum of $1,000 and its interest claimed to be due the said minor under the will of Joseph H. Wright, deceased.

Joseph H. Wright died on March 15, 1891. His daughter, Mary Allen, died on May 28, 1891, leaving to survive her a husband, James H. Allen, and a son, Joseph Wright Allen, the petitioner.

The will of Joseph H. Wright bears date October 31, 1884, and was duly probated and letters were granted to James E. Wright, the executor nominated in the will. The provisions in the will which bear upon the questions at issue are as follows:

"Item second. I give and bequeathed to my daughter Mary Allen one thousand dollars to be invested in property two years after my death. She, Mary, is to have that amount for her own use. She is not to sell or dispose of it during her husband's lifetime, and if she should die before her husband, James H. Allen, the above legacy is to go to her second son, Joseph W. Allen.

"Item third. I give and bequeath to my second daughter, Phœbe, ten hundred dollars to be paid to her two years after Mary's dowry becomes due. . . .

"Item fourth. I give and bequeath to my third daughter, Amelia Wright, ten hundred dollars to be paid two years after Phœbe's dowry becomes due. . . .

"Item sixth. I give and bequeath to my son, James Egbert Wright, all and entire the farm I now live on, including the amount purchased from the Edwards farm. He is not to sell or dispose of it while his two sisters, Phœbe and Amelia, remain single and unmarried. And also I give and bequeath to him one house and lot in the borough of Sharon, Mercer county, Penn'a, which he, James, has the privilege to sell for the payment of the within legacies which he is to pay, and also give to him all my personal property not already bequeathed to my daughters Phœbe and Amelia.

"Item seventh. Should any of my daughters die before they have received their dowries, in such case James shall be exempted from the payment thereof.

"Lastly. I do appoint my son, James E. Wright, executor of this my last will and testament."

The question to be determined is whether the bequest to Mary Allen, one of the daughters, is defeated by the seventh item of the will, she having died before the time fixed for the payment of said legacy. The petitioner contends that the legacy vested at the death of the testator; that the gift is positive and not dependent on the happening of some condition, although the time for the enjoyment of the same is fixed for the future, and that if it were not for the seventh item of the

will no one would have thought but that it was vested. He further contends that if the language of the second item standing alone would be construed to vest the legacy at the death of the testator, a contrary intention to defeat such construction must be shown by clear and unambiguous language in some other part of the will; it being one of the canons of the construction of wills that a positive grant cannot be taken away by mere implication from another apparently inconsistent clause: 3 Jarman on Wills (5th Am. ed.), p. 706, Rule 12; and further, that the language of the seventh item is inoperative to defeat the grant, there being no actual gift to any other definite object: Hitchcock v. Hitchcock, 35 Pa. 393; Bender v. Dietrick, 7 W. & S. 284.

The petitioner also contends that the only contingency in which the seventh item would have proved operative to defeat the legacy in question would have been in the event of Mary Allen dying in the lifetime of her father, and hence it should be so construed, and likens it to cases where a legacy is given to one but in the event of the death of such legatee without issue, or children, as the case may be, the devise to go to another, and cites the cases of Estate of Mary Biddle, 28 Pa. 59, Fahrney v. Holsinger, 65 Pa. 388, and kindred cases.

In Seibert's Appeal, 13 Pa. 501, Mr. Justice ROGERS says: " To determine whether a legacy is vested or contingent it is a matter of great moment in the first place to ascertain whether the time is annexed to the gift, or to the payment of the legacy; if the former, it is vested; if the latter, contingent." In Reed v. Buckley, 5 W. & S. 517, Mr. Justice SERGEANT says : " The rule borrowed from the civil law has been the ordinary guide in the first instance, that where the contingency is annexed to the time of payment only, and the legacy has been given by a previous bequest, then it is vested; but if the contingency is annexed to the legacy it does not vest unless the contingency happens." In Gilliland v. Bredin, 63 Pa. 393, the decedent bequeathed to the legatee $100 " if she shall continue under the direction of my husband until she comes of age." Mr. Justice AGNEW says : " The condition was inseparably connected with the gift of the legacy and not merely its payment. The right to it depends upon living out the prescribed time under the direction of the husband. There are numerous authorities that

where a contingency is attached to the legacy itself and not merely to its payment, the legacy is contingent: Lamb v. Lamb, 8 Watts, 184; Moore v. Smith, 9 Watts, 403; Seibert's App., 13 Pa. 503. The legacy not vesting until the condition had been performed the want of a bequest over makes no difference, it becomes merged in the residue if it never vests." In Provenchere's Appeal, 67 Pa. 463, Mr. Justice SHARSWOOD says: " There are no arbitrary or unbending rules in the construction of the words of a will. No two wills are in all respects alike. . . . . Nevertheless the cardinal canon still holds good that the intention of the testator of each will separately is be gathered from its own four corners. . . . These remarks are particularly applicable to the controversies which have arisen as to whether future legacies give present vested or contingent interests. The determinations are very numerous—not always reconcilable—and in the nature of the subject this was inevitable. Vice Chancellor Sir LAUNCELOT SHADWELL has remarked very justly: ' The question is one of substance and not of form. The question in all the cases has been whether the decedent intended it as a condition precedent that the legatees should survive the time appointed by him for the payment of the legacies, and the answer to this question has been sought for out of the whole will and not any particular expressions.' . . . Thus it is true as a general rule that where the time or other condition is annexed to the gift and not merely to the payment, the legacy is contingent." In Lamb v. Lamb, 8 Watts, 184, Mr. Justice HOUSTON says : " The Chancery books are full of very nice definitions as to what words give a vested legacy, and the amount of the whole seems to be that scarcely any form of expression can be used on which alone reliance can be placed. The whole will is to be taken into consideration and the intention of the testator is to be gathered from it, and if that can be discovered every rule of construction is to give way to it; the intention governs unless it contradicts some better doctrine of law."

In the light of these decisions let us look at the whole will under consideration. By the second item of the will the evident intention of the testator was that the legacy to Mary Allen was not to be paid until two years after the death of the decedent. This is further indicated by the bequest to Phœbe;

her legacy is to be paid to her two years after Mary's becomes due. The sixth item, inter alia, devises a certain piece of real estate to his son James coupled with the privilege of selling the same for payment of the legacies to his daughters, which legacies "he (James) is to pay." The decedent has thus far fixed the amount of the legacies to each of his daughters, the time of payment of each, the source whence the funds are to be realized to pay the legacies, and designated the person who is to pay them. The person is his son James, in his individual and not in his representative capacity. If the testator had stopped here there would be no room for controversy. He has apparently concluded his will when the thought arises in his mind that one or all of his daughters may die before the day of payment arrives. As in Seibert's Appeal, the testator, as appears from the whole tenor of the will, for reasons no doubt satisfactory to himself, seems to have had in view the exclusion of the husband of his daughter Mary from any participation in or enjoyment whatever of any part of his estate. To eventuate this part he bequeathes the $1,000 for her own use, "She is not to sell or dispose of it during her husband's lifetime, and if she should die before her husband, James H. Allen, the above legacy is to go to her second son, Joseph W. Allen," and then, anticipating that she might die before the time of payment arrives, and before she had entered upon the enjoyment of the legacy, he adds the seventh item. The language of item seven is neither ambiguous nor dubious: "Should any of my daughters die before they have received their dowries, (legacies) in such case James shall be exempted from the payment thereof."

Applying the rule laid down in Lamb v. Lamb and Provenchere's Appeal, that the whole will is to be taken into consideration in deciding whether the legacy vested, we are forced to the conclusion that the legacy to Mary Allen did not vest at the death of the testator; that her right to it depended upon her living until it became due, and that the evident intention of the testator was that she was to survive two years after his death, otherwise it was not to be paid by James. But even if this were doubtful, still there is no doubt that the legacy might be given in such terms as to vest in the legatee immediately upon the death of the testator, subject to the divestiture of it in the

event of the legatee dying before the time appointed for the payment of it shall come around: 1 Roper on Legacies, 403, 404, et seq. It is true that the legacy that is vested is not to be divested by ambiguous or dubious terms. It must appear clearly that it was the intention of the testator that it should be so in a certain event. In any view of the case we are of opinion that the petitioner is not entitled to a decree in his favor. The order prayed for is therefore refused.

And now, June 24, 1897, the citation awarded November 23, 1893, is discharged, and the petition refused.

*Error assigned* was the decree of the court.

*B. Mogoffin*, for appellant.—The legacy was vested: Eckert v. Hetrick, 2 Pearson, 37; Reed v. Buckley, 5 W. & S. 517; Young v. Stoner, 37 Pa. 105; Burd v. Burd, 40 Pa. 182; King v. King, 1 W. & S. 205; Bender v. Dietrick, 7 W. & S. 287; Finney's App., 113 Pa. 11; Fahrney v. Holsinger, 65 Pa. 388.

*S. R. Mason*, for appellee, cited Lynn v. Downes, 1 Yeates, 518; Provenchere's App., 67 Pa. 463; Reck's App., 78 Pa. 432; Sheetz's App., 82 Pa. 213; Newbold v. Boone, 52 Pa. 167; Stickle's App., 29 Pa. 234; Shreiner's App., 53 Pa. 106; Horwitz v. Norris, 60 Pa. 261; Robinson v. Martin, 2 Yeates, 525; German v. German, 27 Pa. 116; Shalter v. Ladd, 8 Pa. C. C. R. 535; Still v. Spear, 45 Pa. 168; Doebler's App., 64 Pa. 15.

OPINION BY MR. JUSTICE McCOLLUM, July 19, 1899:

The testator bequeathed to his daughter Mary $1,000 to be invested in property two years after his death; to his daughter Phœbe $1,000 to be paid to her two years after Mary's dowry became due, and to his daughter Amelia $1,000 to be paid to her two years after Phœbe's dowry became due. In the paragraph relating to his bequest to Mary he said, "if she should die before her husband James H. Allen, the above legacy is to go to her second son Joseph W. Allen." In the sixth paragraph of his will he devised the farm he lived on to his son James, with the instruction that he should not sell or dispose of it while his sisters Phœbe and Amelia remained single or unmarried. In the same paragraph, he devised to James a house and lot, in

Sharon, Mercer county, Pa., "which he, James, has the privilege to sell for the payment of the within legacies which he is to pay." The seventh paragraph of the will is as follows : "Should any of my said daughters die before they receive their dowries, in such case James shall be exempted from the payment thereof." The testator died on March 15, 1891, and his daughter Mary died on May 28, 1891, or more than one year and nine months before she would have been entitled to the legacy if living.

It seems clear to us upon consideration of the whole will that the testator never intended his daughters should receive the legacies bequeathed to them except on the condition of their surviving the period designated for payment. This is plainly shown in the same paragraph of the will in which there is not the slightest ambiguity. The result and necessary consequence of this plain intention is that the legacies did not vest in the daughters previous to the time fixed for the payment of them. We concur therefore in the conclusions reached by the learned court below and in the reasons assigned for them. We cannot profitably add anything to the opinion of the learned judge of said court in which all questions raised in the case are satisfactorily discussed, and the cases which sustain the conclusions reached are cited.

Decree affirmed and appeal dismissed at the costs of the appellant.