# In re Estate of Patrick Moran, Deceased. Appeal of William Moran, Executor.

*Wills—Construction of—Decedents' estates—Vested legacies.*

Where a provision in a will is not a substantive gift, but only a direction to pay at a fixed time after testator's death, and the legatee survives the testator but dies before the maturity of the gift, the question as to whether the legacy is vested or not depends upon whether the testator intended it as a condition precedent that the legatee should survive the time appointed by him for the payment of the legacy; and the answer to this must be sought for out of the whole will, and not in the particular expressions in which the gift is made.

*Wills—Legacies—Charge on land.*

If it appears from the language of the will that the testator intended to couple the payment of the legacy by the devisee with the devise of the land, so that the payment is to be made because, or as a condition on which, the devise has been made, then the payment of the legacy is a condition on which an unincumbered title vests in the devise, and the real estate is in equity, chargeable with the payment of the legacy.

*Wills—Decedent's estate—Vested legacies—Charge on land.*

The provisions of a will were: " I devise unto my son, William Moran, and his heirs my farm on condition . . . . he pay unto my son, Patrick Moran, the sum of one thousand dollars, without interest, and the same be paid twelve years after my decease." There is nothing in this lan-

guage, or in the description, condition or circumstances of the legatee indicating a purpose in the mind of the testator to make the payment contingent upon the survival of the legatee until the time fixed for the payment, and the acceptance by the devisee of the farm so devised was subject to the conditions imposed. The legacy was, therefore, vested and charged upon the land.

*Legacies—Executors and administrators—Act of February 24, 1854.*

Under the Act of February 24, 1854, P. L. 70, the administrator of a legatee's estate has a standing to enforce the payment of a vested legacy charged on the land.

Argued Jan. 16, 1900.   Appeal, No. 57, Jan. T., 1899, by William Moran, executor of the estate of Patrick Moran, deceased, from decree of O. C. Susquehanna Co., Nov. T., 1897, No. 50, adjudicating the payment of a legacy of $1,000 to the administrator of Patrick Moran, Jr.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and MITCHELL, JJ.   Affirmed. Opinion by W. W. PORTER, J.

Rule upon Miller S. Allen, administrator of estate of Patrick Moran, deceased, and Thomas Allen, to show cause why the sale of real estate of Patrick Moran, deceased, and all proceedings upon which the said sale is founded should not be set aside.

SEARLE, P. J., filed the following opinion :

Patrick Moran, late of the township of Apolacon, died March 18, 1885, testate. His will bears date July 14, 1884, and was duly probated by the register of wills of the county of Susquehanna, March 23, 1885, and letters testamentary granted to William Moran, a son of decedent, who was appointed executor of said will by said decedent.

Said Patrick Moran died seized of certain real estate in said township of Apolacon which he devised in said will as follows:

"I give, devise and bequeath unto my son William Moran his heirs and assigns forever, all that my farm messuage tenement situate, lying and being in the Township of Apolacon, in the County of Susquehanna and State of Pennsylvania, being the said farm I now reside upon, on condition that he pay all my just debts and funeral charges aforesaid. And pay unto my son Walter Moran his heirs and assigns the sum of seven hundred dollars, without interest, the same to be paid six years after my decease. And also to pay unto my son Patrick Moran

251, (1900).]           Opinion of Court below.

the sum of one thousand dollars, without interest, and the same be paid twelve years after my decease.  And further to pay my granddaughter Catharine Moran, the sum of twenty-five dollars, and pay the same four years after my decease."

He also bequeathed all his personal property by said will to said William Moran, the value of said personal property being about $100.

Patrick Moran, the legatee named in said will, died January 16, 1891, in the city of Denver, Colorado, leaving to survive him a widow, Maggie Moran, who is still a resident of Denver, but no children.

In October, 1897, ancillary letters of administration were granted by the register of wills of Susquehanna county to Miller S. Allen upon the estate of Patrick Moran, Jr., original letters having been issued on said estate in the city of Denver, Colorado.

On November 22, 1897, a rule was granted upon William Moran, executor of the will of Patrick Moran, deceased, to show cause why an order should not be made requiring the sale of the real estate of said Patrick Moran, late of Apolacon, deceased.

This rule and a copy of the petition upon which it was granted setting forth the above recited facts was served upon said William Moran on December 24, 1897.

No appearance or answer was made to this rule and on February 3, 1898, Ward Deuel, sheriff of Susquehanna county, was appointed a trustee to make sale of said real estate.

Said order of sale was continued and an amended description of the land allowed.  The last continuance was made August 11, 1898, and sale directed to be made Saturday, November 5, 1898, at 1 o'clock P. M.

On November 23, 1898, Ward Deuel made return to said order of sale setting forth due advertisement, etc., and that on said November 5, 1898, he sold said real estate to Thomas C. Allen, for $625, which return was confirmed nisi November 23, 1898.

### CLAIMS.

The learned counsel for William Moran claims that upon these facts as shown by the record in this case the trustee's

sale and all proceedings upon which it is based should be set aside for the following reasons:

1. Under the will of Patrick Moran, the legacy given to his son, Patrick Moran, Jr., was not a charge upon the real estate devised to his son William Moran.

2. The legacy being payable twelve years after the death of testator, did not vest at testator's death, and Patrick Moran having died prior to the time of the payment of said legacy, the same lapsed.

3. Under the act of assembly under which these proceedings were instituted, the only person who could institute them was the legatee himself and not his administrators.

4. The affidavit of service of copy of original petition and rule to show cause upon William Moran, does not show that notice to appear and answer was served, although the same was attached to the copy.

5. The record shows that the description of the land was amended and does not show notice of such amendment to have been served upon William Moran.

6. The record does not show a demand made upon William Moran to pay this legacy to any one entitled to receive it.

7. While the original rule to show cause was served upon William Moran, the order of sale was made without said rule having been made absolute.

### OPINION.

It is clear that the condition of the devise of the real estate to William Moran is not only the payment by William of the debts and funeral charges, but also of the legacies to Walter, Patrick and Catherine. In Downer v. Downer, 9 W. 60, a devise to testator's son "provided he pay over to my executors for the benefit of the legatees hereafter mentioned," was held a charge upon the land devised. In Holliday v. Summerville, 3 P. & W. 533, a devise of land to a son "provided he pays to my other three children, John, Ruth and May 300 pounds," etc. Legacies held a charge on land. The same principle was held in Henry Springer's Appeal, 111 Pa. 228, and in Pryer v. Mark, 129 Pa. 529, it was held that the legacies were a charge upon the land and the personalty exempted from payment of same, when the land was devised, provided the devise shall "pay

within five years after the death of my wife, $200 each to my sons David and Stephen," etc.

Under these decisions it must be held that this legacy to Patrick Moran is a charge upon the land devised to William. It is undisputed that the personalty amounted to about $100, all of which was expended in funeral expenses.

The legacy to Patrick Moran is payable twelve years after the decease of testator. 2 Williams on Executors, 1087, lays down the rule " that a bequest to a person payable or to be paid, at the end of any certain determined term confers on him a vested interest immediately on the testator's death." Also on page 1108, " that though there be no other gift than in the direction to pay or distribute in future, yet if such payment or distribution appear to be postponed for the convenience of a fund or property, the vesting will not be deferred till the period in question," and in note on same page, " when the postponement is for the benefit of the estate and not the donee, gift is considered to be a vested one." On page 1117 under the heading of " the lapse of legacies payable out of the real estate," it is stated, that as to legacies payable out of real estate only, the rule as adopted with respect to legacies payable out of personal estate, viz : " that when the gift and the time of payment are distinct, the legacy vests immediately, does not hold generally." In note to page 1119 the rule as to legacies charged upon real estate is stated as follows : " When the legacy is a charge on the land, it may be added that the true rule with respect to the vesting of legacies payable out of real estate is this : where the gift is immediate but the payment is postponed until the legatee for instance attains the age of twenty-one years or marries, then it is contingent and will fail if the legatee dies before the time of payment arrives ; but where the payment is postponed in regard to the convenience of the person and circumstances of the estate charged with the legacy, and not on account of the age, condition or circumstances of the legatee, in such a case it will be vested and must be paid, although the legatee should die before the times of payment."

This rule appears to be the law in Pennsylvania as laid down by the Supreme Court. In Donner's Appeal, 2 W. & S. 372, the testator devised land charged with the payment of a sum of money in yearly payments payable to certain parties as they

arrived at certain ages.   It was held that the legacies vested, HUSTON, J., stating the rule to be, "if the time of payment is postponed, not on account of the minority of the legatees, but for the benefit of the estate or of the devisee of the land, the legacy does not sink or merge in the land."   In that case one of the legatees died prior to the date of payment of legacy, and the contest was between the administrator of the legatee and the devise of the land.   In McClure's Appeal, 72 Pa. 414, Justice WILLIAMS said: "As a general rule, a legacy is deemed to be vested or contingent just as the time shall appear to be annexed to the gift, or the payment of it.   If futurity is annexed to the substance of the gift, vesting is suspended, but if it appears to relate to the time of payment only, the legacy vests instantly.   The point which determines the vesting is, not whether time is annexed to the gift, but whether it is annexed to the substance of the gift as a condition precedent; where there is an antecedent absolute gift independent of the direction and time of payment, the legacy is vested, but where there is no substantive gift and it is only implied from the direction to pay, the legacy is contingent, unless from particular circumstances on the whole face of the will a contrary intention is to be collected."   In Reed's Appeal, 118 Pa. 215, Justice PAXSON quotes approvingly Leeming v. Sherratt, 2 Hare, 14, as follows: "The gift of a legacy under the form of a direction to pay at a future time or upon a future event is not less favorable to vesting than a simple and direct bequest of a legacy at a like future time or upon a like event.   The question is one of substance and not of form, and in all cases it is whether the testator intended it as a condition precedent that the legatees should survive the time appointed by him for the payment of their legacies, and the answer to this question must be sought for out of the whole will, and not in the particular expression in which the gift is made."

In the case at bar all the estate, real and personal, in different paragraphs, was given to testator's son, William Moran, upon condition that he pay debts, funeral expenses, and to certain children and grandchildren certain specified amounts, the language of the will being: "And pay unto my son Walter Moran his heirs and assigns the sum of seven hundred dollars, without interest, the same to be paid six years after my

decease.   And also to pay unto my son Patrick Moran the
sum of one thousand dollars, without interest, and the same be
paid twelve years after my decease.   And further to pay my
granddaughter Catharine Moran, the sum of twenty-five dol-
lars, and pay the same four years after my decease."

The postponement of the payment of these legacies to the
dates respectively fixed is evidently for the benefit of the de-
visee of the entire estate, William Moran.   The one to Patrick
Moran is, as all are, without interest and payable so far in the
future, viz: twelve years after testator's death, that the actual
value of the same at the time of testator's decease was but little,
more than one half its face.   There is nothing upon the
face of the will in the language used, or in the description of
the legatee or the circumstances of the legatee that denotes
any purpose in the mind of the testator to make the payment
of the legacy contingent upon the legatee living until after the
time of payment.   Taking the will as a whole, the giving of
the entire estate to one son upon condition that he pay to the
other natural objects of testator's bounty different sums at dif-
ferent times without interest is an evidence that the testator
was making such a division of his property among his children
as he thought equitable, and fixing the times of payment of
these legacies without interest, so that the devisee could pay
them without selling the real estate devised to him.

Taking the will in its entirety we are of opinion that the
legacies vested at the death of the testator.

In case where a legacy is charged upon real estate, the act
of assembly provides that " it shall be lawful for the legatee to
apply by bill or petition to the orphans' court having jurisdic-
tion of the accounts of the executors of will by which such leg-
acy was bequeathed ; whereupon such court having caused due
notice to be given to such executors and to the devisee or heirs
as the case may be, of the real estate charged with such legacy,
and to such other persons interested in the estate as justice
may require, may proceed according to equity, to make such
decree or order touching the payment of the legacy out of such
real estate as may be requisite and just."   When the legatee
is dead and the legacy vested in his lifetime, the administrator
or executor of such legatee stands in his stead and has all the
rights of action, to enforce payment of the legacy, the legatee

would have if living.   The case cited by the counsel for William Moran was where the executor of the testator applied for rule on devisee to pay legacies; it was held that he had no authority to petition under the act; that the legatee was the only person who was entitled to petition although service should be made upon executor of testator.   The petition of the administrator of a legatee is in substance a petition by legatee.

The proceedings in this case were by petition of administrator of legatee.   There was service of copy of petition and rule upon the executor who was also devisee of land. charged with legacy.   Upon proof of such service there was an order made appointing a trustee to sell the real estate without any evidence taken upon the rule or any decree fixing the amount of legacy unpaid or order making rule absolute.   There is a rule of court of common pleas which provides in rules to show cause which are founded upon affidavit and a copy of petition and rule are served upon respondent with notice to make answer within fifteen days, that such facts contained in the petition as are not denied by answer upon oath shall be taken as admitted upon the hearing of the rule.   The decree was granted under the impression that this rule was in force in the orphans' court, but upon an examination of the rules of court there does not appear to be any memoranda or order extending this rule to the orphans' court.   The respondent had a right to rely upon the absence of such a rule in the orphans' court under the circumstances, and to omit to make any answer to the petition until after the petitioner should have established the truth of the allegation contained in the petition by evidence, of the taking of which respondent was entitled to notice.   The records should show the establishment of all facts which would authorize an order of sale as a condition precedent to such order.   It has also been held that the proper practice is for the decree of the court to embody the facts as established by the evidence. The amounts unpaid of legacy and the refusal of the devisee to pay the same should also be incorporated in it, and the order of sale should be by writ of levari facias.

The petition of the administrator of the estate of Patrick Moran, deceased, is in proper form, and made in conformity with the provisions of the act of assembly.   The decree of sale and sale of real estate being irregular and not founded upon a

finding of fact in accordance with equity, are hereby set aside. The petitioner can proceed under the rules to establish such facts as are necessary to entitle him to a decree which would authorize a sale of the land charged with the payment of the legacy.

The court subsequently entered the following decree:

And now, August 26, 1899, that matter came on to be heard on depositions, and thereupon, upon consideration, it is found that Patrick Moran, late of Apolacon, Susquehanna county, died March 18, 1885, testate, devising to his son and executor, William Moran, the land described in the proceedings, [and in this decree, charged with the payment of a legacy of $1,000 to Patrick Moran, of Denver, Colorado,] [4] the said legacy to be paid March 18, 1897.

That said Patrick Moran, of Denver, died January 16, 1891, and that said legacy has not been paid. [That William Moran, executor and devisee, accepted the devise made by his father, took possession of the premises described herein,] [5] and has occupied them continuously since his father's death. That on or about September 16, 1897, the register of Susquehanna county granted ancillary letters of administration on the estate of Patrick Moran, late of Denver, Colorado, deceased, to Miller S. Allen, of Montrose, Pa.

[It is therefore ordered, adjudged and decreed that there is due the estate of Patrick Moran, late of Denver, deceased, the sum of $1,000, with interest from March 18, 1897, with costs, which sum is a charge upon the land devised to William C. Moran, and described herein.] [2] [And it is further ordered, adjudged and decreed, that if the same is not paid to Miller S. Allen, administrator as aforesaid, within thirty days of this date, leave is granted to issue levari facias to collect said amount without further leave òr order, by a sale upon said writ of levari facias of the following described real estate:

Situated in the township of Apolacon, county of Susquehanna, state of Pennsylvania, bounded northerly by lands of Timothy Butler; westerly by public highway; easterly by lands of Timothy Butler, John Lynch and M. Falsey; southerly by lands of John Lynch, M. Falsey, M. Clary and John O'Day, containing 125 acres, more or less.] [3]

This decree was entered ex parte, and without the know-

ledge of William Moran or his counsel. On September 9, 1899, the court granted a rule to show cause why this decree should not be set aside. A bill of exceptions was also taken to said decree.

The court declined to specifically answer the following requests of law presented by said William Moran:

1. The orphans' court has no jurisdiction to decree the payment of a legacy out of the land belonging to the estate of Patrick Moran, late of Apolacon, deceased, nor to decree the sale of the real estate of the late Patrick Moran, deceased, on the petition of an administrator of a deceased legatee. [11]

2. Patrick Moran, late of Denver, deceased, having died six years before his legacy became due, intestate and without children or descendants, the orphans' court has no jurisdiction to decree the payment of said legacy. [12]

3. The orphans' court has no jurisdiction to decree the sale of the land belonging to the estate of Patrick Moran, late of Apolacon, deceased, for the purpose of paying any legacy to the estate of Patrick Moran, late of Denver, deceased. [13]

4. That by the second clause of the will of Patrick Moran, late of Apolacon, deceased, an absolute fee simple estate is devised to and created in William Moran of the land belonging to the estate of said Patrick Moran, deceased. [14]

5. Where technical words, by which rules of property are fixed, are used in a will, such words are conclusive in establishing the meaning and legal effect of such will. [15]

6. Where an estate in fee simple has been devised by a clause in a will, that estate cannot be destroyed or diminished by any subsequent clause in said will. [16]

7. The will of Patrick Moran, deceased, does not, either by express terms or direct language, charge his real estate with a legacy to his son Patrick, deceased. [17]

That it is also a rule of construction, that the law favors the free alienation of estates, and, in doubtful cases, such construction of a will is to be given as will establish an indefeasible estate in the first taker. [19]

SEARLE, P. J., discharged the rule in the following opinion:

Patrick Moran, of Apolacon township, died March 18, 1885, testate. By his will he devised to his son, William Moran, his

farm in Apolacon, upon condition that he pay, inter alia, to his son, Patrick Moran, the sum of $1,000, without interest, and the same to be paid twelve years after his decease. His son, ·Patrick Moran, resided at Denver, Colorado, and died there January 16, 1891. On September 16, 1897, Miller S. Allen was granted letters of administration of his estate by the register of wills of Susquehanna county.

Upon proceedings instituted by said Miller S. Allen, administrator of the estate of Patrick Moran, Jr., deceased, to obtain payment of said legacy, after due notice to William Moran, executor of the will of Patrick Moran and devisee of the real estate of said Patrick Moran, upon which it was claimed said legacy was a charge.

On August 26, 1899, it was adjudged that there was due upon said legacy, the sum of $1,000, with interest from March 18, 1897, and costs, that said sum was a charge upon the land devised to William C. Moran, and a decree made, that if the same was not paid to Miller S. Allen, administrator of Patrick Moran, Jr., within thirty days, that levari facias might issue to collect the same, without further order, by a sale of the real estate, upon which said legacy was a charge.

Upon affidavit, setting forth that there were certain facts of great importance to the interest of William Moran in relation to said estate, which he desires to prove, and that opportunity had not been given to answer the depositions of petition, the rule in this case "to show cause why decree of sale should not be set aside" was granted.

Upon the hearing of the rule, the depositions taken on the part of petition were offered in evidence as well as depositions taken in behalf of William C. Moran on the rule, and quite a large number of requests for findings of fact and conclusions of law were presented by the learned attorneys of William C. Moran. There was nothing in the depositions which contradicted the facts set forth in the adjudication and decree of August 26, 1899.

The only questions raised upon the argument were the questions: (1) Whether this legacy given to Patrick Moran, Jr., was a charge upon the land devised to William C. Moran; (2) whether Miller S. Allen as administrator of the estate of Patrick Moran, Jr., had any standing to institute these pro-

ceedings under the act of assembly; and (3) whether the legacy lapsed by reason of the death of Patrick Moran, Jr., prior to the date of payment of the legacy.

These legal questions being the only ones in which there is any controversy, and there being no disputed facts, I do not deem it necessary to specifically answer the requests for findings of fact.

Upon the original petition presented in this case, there was a decree of sale of this real estate, and the land sold, upon a petition filed by William C. Moran; after hearing, the sale was set aside upon account of irregularities in the proceedings, etc., and leave granted to petitioners to proceed to establish such facts as would entitle him to a decree authorizing sale of land.

In the opinion filed setting aside the sale of the real estate, all the questions raised upon this rule were fully passed upon after elaborate and exhaustive argument by counsel on both sides.

There has been no authorities cited upon the argument of this rule, but what were examined and considered upon the hearing in the prior rules, and there is nothing calling for further discussion of the legal question, there being no evidence presented, which contradicts or impeaches the facts, as set forth in the decree of August 26, 1899, and no legal questions raised, excepting such as were passed upon in the opinion filed March 27, 1899.

The rule to show cause is discharged, as it is equitable that William C. Moran should have time in which to make payment of said legacy, and the time granted in the decree of August 26, 1899, has expired, said decree is hereby modified to the extent that the time of issuing levari facias for sale of real estate is extended until after thirty days from filing of this order.

To this decree a bill of exceptions was entered and an appeal taken by William Moran, executor.

*Errors assigned* among others were (1–5) in entering decree of August 26, 1899, as above indicated, quoting it. (11–17, 19) In not affirmatively answering appellant's requests for findings of law, quoting them.

*Edson W. Safford*, with him *George P. Little*, for appellant. —In defining the general rule of law on a question of whether

a legacy is deemed to be vested or contingent, Justice WIL-LIAMS says: "If futurity is annexed to the substance of the gift, vesting is suspended, but if it appears to relate to the time of payment only, the legacy vests instantly. The point which determines the vesting is not whether time is annexed to the gift, but whether it is annexed to the substance of the gift as a condition precedent; where there is an antecedent absolute gift independent of the direction and time of payment, the legacy is vested, but where there is no substantive gift and it is only implied from the direction to pay, the legacy is contingent, unless from particular circumstances on the whole face of the will a contrary intention is to be collected:" McClure's Appeal, 72 Pa. 414.

There is no language in this will from which to imply a charge of the legacy to Patrick upon the real estate. Such an implication cannot be founded on a mere inference or possibility of meaning, equivocal construction or implied plan of distribution.

In order to charge lands devised with a payment of a legacy, it must appear by direct expression or plain implication that such was the intention of the testator: Brandt's Appeal, 8 W. 198.

William Moran, the appellant, is the first taker under the will of his father, hence he is regarded in law as the chief object of the testator's bounty: McFarland's Appeal, 37 Pa. 300.

A mere direction to pay does not create a charge on land: Cable's Appeal, 91 Pa. 327; Sauer v. Mollinger, 138 Pa. 338.

Liens on land are not favored or to be implied, and they are consequently to be created by plain terms. The principle is not, as supposed, confined to contracts, but it is applicable to wills, as to other instruments: Hackadorn's Appeal, 11 Pa. 86.

Where an estate in fee simple has been devised by a clause in a will, that estate cannot be destroyed or diminished by any subsequent clause: Stoner's Appeal, 2 Pa. 428.

Where there is a clear gift in a will it cannot afterwards be cut down, except by something which with reasonable certainty indicates the intention of the testator to cut it down: Yost v. Insurance Co., 179 Pa. 381; Fisher v. Wister, 154 Pa. 65.

In this case the legatee has been dead six years or more and did not leave any children. Even his widow, who resides in Colorado, does not institute these proceedings, but the petition

is presented by the administrator of the estate of the legatee: Act of February 24, 1834, P. L. 70, sec. 59.

The administrator of Patrick Moran, Jr., has no standing to collect this claim: Luckenbach's Est., 170 Pa. 586.

For deficiencies the legatees must proceed themselves against the devisees, or their assigns, whose land is charged with the payment. We know of no law authorizing the executors to attend to this duty.

The disposition of the court has been to adhere closely to the express language of the act: Hartzell's Appeal, 178 Pa. 286.

*Miller S. Allen*, for appellee.—In Pennsylvania it is held where the enjoyment of the gift is postponed to accommodate the estate, or for the payment of debts, or to meet any other burden first imposed, and not chiefly on account of the character of the devisee, it is regarded as a decisive circumstance in favor of immediate vesting: McClure's Appeal, 72 Pa. 414; Downer v. Downer, 9 Watts, 60; Donner's Appeal, 2 W. & S. 372.

An intent to charge land with the payment of debts or legacies may be found not only in the mode in which the personal property is given, but also in the manner of the devise of the real estate: McFait's Appeal, 8 Pa. 290.

A legacy may be charged upon land by implication: Sharp's Estate, 7 Pa. Superior Ct. 372; Schott's Est., 78 Pa. 40.

Executors and administrators shall have power to commence and prosecute all personal actions which the decedent, whom they represent, might have commenced and prosecuted, except action for slander, for libel, and for wrongs done to the person; they shall be liable to be sued in any action, except as aforesaid, which might have been maintained against such decedent, if he had lived: Luckenbach's Est., 170 Pa. 586.

OPINION BY WILLIAM W. PORTER, J., March 21, 1900:

Little can profitably be added to what has been said in the opinion of the court below. The provision for Patrick Moran is not in the form of a substantive gift, but only of a direction to pay twelve years after the decedent's death. He died six years after the decedent. It is claimed that the legacy is contingent on the survival of the legatee until the time fixed for

payment and that by his death the provision fell. In Reed's Appeal, 118 Pa. 215, it is said : " The gift of a legacy under the form of a direction to pay at a future time, or upon a future event, is not less favorable to vesting than a simple and direct bequest of a legacy at a like future time or upon a like event. The question is one of substance and not of form, and in all cases it is whether the testator intended it as a condition precedent that the legatees should survive the time appointed by him for the payment of their legacies ; and the answer to this question must be sought for out of the whole will, and not in the particular expressions in which the gift is made." See also Allen's Estate, 192 Pa. 170 ; McClure's Appeal, 72 Pa. 414. In the present case a scrutiny of the whole will results in a conviction that the purpose of postponing the payment directed to be made to Patrick Moran, was for the ease and advantage of the devisee of the land. There is nothing in the language used, or in the description, condition or circumstances of the legatee, indicating a purpose in the mind of the testator to make the payment of the legacy contingent upon the survival of the legatee until the time fixed for the payment. The periodicity of the payments directed to be made by the devisee to the legatees strengthens the view that the time for the payment of the legacy is fixed for the benefit of the devisee and the relief of the estate. We are of opinion that the interest of Patrick Moran was vested. See Engles's Estate, 167 Pa. 463, and Donner's Appeal, 2 W. & S. 372.

It is furthermore clear that the legacy was a charge upon the land. To make a legacy a charge it is necessary that it should be so declared by express words, or be inferable from the whole will that such was the intention of the testator : Shark's Estate, 7 Pa. Superior Ct. 372 ; Brandt's Appeal, 8 Watts, 198. If it appears from the language of the will that the testator intended to couple the payment of the legacy by the devisee with the devise of the land, so that the payment is to be made because, or as a condition on which, the devise has been made, then the real estate devised is, in equity, chargeable with the payment of the legacy. In such a case the payment of the legacy is a condition on which an unincumbered title vests in the devisee. This statement of the law has been approved in Wise's Estate, 188 Pa. 258. See also Holliday v. Summerville, 3 P. & W.

533; Springer's Appeal, 111 Pa. 228 ; Pryer v. Mark, 129 Pa. 529. The provision of the will in this case is, in condensed form : I devise unto my son, William Moran, and his heirs my farm "on condition . . . . he pay unto my son, Patrick Moran, the sum of one thousand dollars, without interest, and the same be paid twelve years after my decease." The acceptance by the devisee of the farm so devised, was subject to the conditions imposed, and the land was made the fund for the payment of the legacy: Holliday v. Summerville, supra; Downer v. Downer, 9 Watts, 60. It is argued that the petitioner here has no standing because he is not the legatee, but only the administrator of the legatee's estate. The act of Febúrary 24, 1834, provides that it shall be lawful for the legatee to pursue its provisions to enforce the payment of a legacy charged on land. The legacy having vested, the right, after the death of the legatee, to enforce its payment inures to his legal representatives. This view of the intent of the act is not in conflict with Hartzell's Estate, 178 Pa. 286, and Luckenbach's Estate, 170 Pa. 586, where it was held that the executor of the will creating the charge had no standing to proceed in behalf of the legatees.

The decree is affirmed.