# Gumaer's Estate.

*Will—Charge on land—Support of widow—Devise.*

Testator devised farms to each of his three sons, and directed that if the three sons " shall accept the above property, it shall be on condition that they shall pay annually an equal portion to their mother of six per cent interest on two thousand dollars, and, if needed for her support, also the principal, each paying one third." On an application by the widow against the owner of one of the farms, the court made an order directing the respondent to pay the widow arrears of interest, and a sufficient amount of

the principal so as to "reduce the same to five hundred dollars which shall remain a charge upon the land." *Held*, (1) that the real estate devised became, in equity, chargeable with the payments to be made to the testator's widow; (2) that the order of the court meant that the principal charged upon the interest of the respondent was reduced to $500, and that the balance of one third of the principal due by the respondent was to be paid to the widow; (3) that the decree of the court should be affirmed.

Argued Jan. 21, 1902. Appeal, No. 56, Jan. T., 1902, by Silas Hartley, from decree of O. C. Lackawanna Co., order payment of money on estate of Ezekiel Gumaer, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for a decree to pay money charged on land.

VOSBURG, P. J., filed the following opinion:

Clarinda Gumaer, the widow of the testator, presented her petition asking that Silas Hartley be compelled to pay her a certain legacy, with arrears of interest thereon. She bases her claim upon the following provisions of her deceased husband's will:

"I give and devise to my son, Frederick E. Gumaer, the farm known as the Dowd farm, containing nearly one hundred acres. I also direct that each of my sons, Frank Gumaer, Frederick Gumaer, and George H. Gumaer, if they shall accept the above property, it shall be on condition that they shall each pay annually an equal portion to their mother, Clarinda Gumaer, of six per cent interest on two thousand dollars, and if needed for her support, also the principal, each paying one third."

Devises were also made to Frank Gumaer and George H. Gumaer. It appears from the evidence that after the testator's death the Dowd farm was sold at sheriff's sale on a writ against Frederick Gumaer; was purchased by Thomas Patterson, and by him conveyed to Silas Hartley. Public notice was given at the sheriff's sale that the land was sold subject to the charge upon it which Clarinda Gumaer claimed was created by the provisions of the will above quoted. The first question to be considered is, whether or not this legacy is a charge upon the land. It was held by the court of common

pleas of Lackawanna county, in an opinion written by Judge CARPENTER, at No. 396, May term, 1899, that by the terms of this will, a charge was created upon the land now owned by Hartley. In that case the question arose upon the distribution of the fund arising from the sheriff's sale of the Dowd farm, and counsel for Hartley, who did not appear in that case, earnestly contend that this decision was erroneous, and that it should not be followed in the present proceeding. It is not always an easy matter to determine whether language employed by a testator in his will creates a charge or lien upon the land, or whether it simply imposes a personal liability upon the part of the devisee of the land to pay a certain sum to another person. No two wills are couched in the same terms, and hence it is difficult to find an authority directly in point. There are some legal principles which aid the courts, however, in determining matters of this nature, and one of them is that the whole will must be considered to ascertain the intent of the testator: Wright's App., 12 Pa. 257.

It has also been held, while it need not be declared in express terms, that a charge is intended, that intent must be disclosed by the will itself, and not inferred from the circumstances: Duvall's Estate, 146 Pa. 176.

The intention to create a charge upon land must appear by direct expression or plain implication in the will: Sharp's Est., Pa. Superior Ct. 372.

But no particular form of words is necessary to charge a pecuniary legacy upon land; it is sufficient that the intention appears by natural and obvious implication: Gilbert's App., 85 Pa. 347.

I find upon an examination of a very large number of authorities, that the decisions are not entirely in accord upon this question, but I think the weight of authority is in support of the opinion of my brothers of the common pleas bench, and I coincide with their decision.

It will be noticed that the acceptance of the land devised to the three sons of the testator, is made expressly subject to the payment of the legacy to the widow.

" If it appears from the language of the will that the testator intended to couple the payment of the legacy by the devisee with the devise of the land, so that the payment is to be made

because, or as a condition on which, the devise has been made, then the real estate devised is, in equity, chargeable with the payment of the legacy:" Moran's App., 13 Pa. Superior Ct. 251.

[This intention seems plainly manifest upon the part of Mr. Gumaer, as he expressly says that the acceptance of the land devised to his sons "shall be on a condition" that the legacy to Mrs. Gumaer be paid. It is hardly to be presumed that the testator's manifest desire to provide for his widow's wants, which so plainly appears by the terms of the will, should have been intended by him to rest upon no better security than a mere personal obligation upon the part of the devisees. He not only provides for her a home, an income, a garden, a supply of fruit, and use of certain cows, but he makes the principal sum of $2,000 payable to her, if needed for her support. It seems to me that the intention of the testator to make this $2,000 a charge upon the land, and thus provide security for its payment, appears " by natural and obvious implication from the provisions of the will."] [1]   See Gilbert's App., 85 Pa. 347, Wise's Est., 188 Pa. 258, Moran's Est., 13 Pa. Superior Ct. 251, and Hart v. Homiller, 20 Pa. 248.

This brings us to the second question, viz: How much is Clarinda Gumaer entitled to recover from Silas Hartley at this time?

Where a testator provided that his wife should " be furnished with a comfortable room and sufficient maintenance during her natural life," by her two sons, and made the same chargeable upon the land devised to them, it was held, that the amount required should be determined by the habits and tastes of her husband and herself: Steele's App., 47 Pa. 437.

The habits and tastes of Mrs. Gumaer are certainly frugal, and I do not think she can reasonably claim to be entitled to the whole of the amount alleged to be due from Hartley, nearly $1,000.

She testified that she needs certain articles of furniture to make her comfortable, but I do not consider it very material to inquire into the exact cost of these things, as they cannot possibly amount to the sum claimed. [It seems plain that she is entitled to the arrears of the annuity, or interest on one third of $2,000, regardless of her needs; and if this be paid her, I do

not think it will be necessary, to meet her present requirements, that a large amount of the principal be paid.]  [2]  It is, therefore  [ordered that Silas Hartley pay to Clarinda Gumaer, all of the arrears of interest, and a sufficient amount of the principal to reduce the same to $500, which will remain a charge upon the land.]  [3]  If this order is not complied with within ten days, the petitioner may apply for the enforcement of it by appropriate process of law.

*Errors assigned* were (1–3) portions of opinion as above, quoting them.

*W. H. Jessup, Jr.*, with him *W. H. Jessup*, for appellant.— There was no charge on the land: Hoover v. Hoover, 5 Pa. 351; Gilbert's App., 85 Pa. 347; Hart v. Homiller, 20 Pa. 248; Wise's Est., 188 Pa. 258; Eichelberger v. Gitt, 104 Pa. 64; Hiester v. Green, 48 Pa. 102; Cable's App., 91 Pa. 327; Dickerman v. Eddinger, 168 Pa. 240; Buchanan's App., 72 Pa. 448; Hamilton v. Porter, 63 Pa. 332; Wright's App., 12 Pa. 256; Dewitt v. Eldred, 4 W. & S. 414; Brandt's App., 8 Watts, 198; Montgomery v. McElroy, 3 W. & S. 370; Hackadorn's App., 11 Pa. 86.

*John R. Edwards*, with him *Louis Gramer*, for appellee, cited as to charge on land: Wise's Est., 188 Pa. 258; Moran's Est., 13 Pa. Superior Ct. 251; Christner v. John, 2 Pa. Superior Ct. 78.

Opinion by William W. Porter, J., March 14, 1902:

We hold with the court below that Ezekiel Gumaer made the moneys to be paid to his widow a charge upon the farms devised to his sons.  The intent of the entire will is in accord with this construction.  The language of the particular clause is, that if the three sons "shall accept the above property, it shall be on condition that they each pay annually an equal portion to their mother, Clarinda Gumaer, of six per cent interest on $2,000, and, if needed for her support, also the principal, each paying one third."  From this language it appears that the testator coupled the payments by the devisees, with the devises of the land, and made the payments a condition

upon which the devises should vest. Upon the authority of Moran's Estate, 13 Pa. Superior Ct. 251, the real estate thus devised became, in equity, chargeable with the payments to be made to the testator's widow.

The order of the court below is not clear. The defendant, Hartley, is directed to pay Clarinda Gumaer arrears of interest. These seem to amount to $292. It further directs that a sufficient amount of the principal be paid " to reduce the same to $500, which will remain a charge upon the land." This apparently means that the principal charge upon the interest of Hartley is reduced to $500, and that the balance of one third of the principal is to be paid to Clarinda Gummaer. As so construed the majority of this court are of the opinion that the decree should be affirmed. I personally hold to the view that there is no proof showing that the widow needed any part of the principal. She had been able to live without incurring debt, up to the time of the hearing. Furthermore the principal of the charge would still remain subject to such demands as her proven necessities might hereafter make upon it. In obedience, however, to the directions of the majority of the court the order is entered that the decree of the court below be and it is hereby affirmed.