# Fetrow's Estate.

*Will—Devise—Charge on land—Vested and contingent estates.*

A gift of land by will to a son for life, and after his death to his children in equal shares "with this provision that they shall pay to the other devisees named in this my last will one-third of the valuation of said tract of land" charges the land with one-third of the valuation thereof payable at the death of the son, the valuation is to be ascertained as of the death of the son.

In such a case the devise vested in the son's children, and the legacies charged on the land vested in persons described as "devisees" in the testator's will.

Where there is a devise of a life estate followed by a remainder to the children of the life tenant, the estate vests at once upon the birth of each child, subject to open and let in after-born children and this without regard to the question of whether or not a child survives the life tenant.

If a devise of land upon which a legacy is charged, becomes vested either in possession or in interest immediately upon the death of the testator, and by the terms of the will is given subject to the payment of the legacy, the legacy must be considered likewise vested; and if the legatee should die before it becomes payable it will pass to his or her representatives,

Argued March 13, 1917.  Appeals, Nos. 21, 22, 23, 24, 25 and 26, March T., 1917, by Eli Fetrow et al., from decree of O. C. York Co., dismissing exception to auditor's report in Estate of Joshua Fetrow, deceased.  Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Exceptions to report of V. K. Keesey, Esq., auditor.

From the record it appeared that Joshua Fetrow died on February 25, 1864, leaving a will, the material portion of which is quoted in the opinion of the Superior Court. A portion of the land devised to Michael Fetrow for life was taken by the Northern Central Railroad Co. in 1912, under condemnation proceedings.  The damages amounting to $9,800 were paid over to the York Trust Co., trustee appointed by the Orphans' Court of York County. Michael Fetrow died on June 25, 1915, leaving to survive him six children.  The oldest Eli Fetrow was living at the time of the death of Joshua Fetrow.  After the death of Michael Fetrow the York Trust Company filed its account as trustee.  The auditor distributed two-thirds of the fund to the children of Michael Fetrow and one-third to the representatives of the persons described as "devisees" in Joshua Fetrow's will.  About seventy persons shared in the distribution.

Exceptions to the auditor's report were dismissed by the court.

*Error assigned* was the decree of the court.

*Jacob E. Weaver* and *Donald H. Yost,* for appellants. —The legacy of one-third of the valuation to the "other devisees" is not a charge upon the land: Brandt's App., 8 Watts 198;  Montgomery v. M'Elroy, 3 W. & S. 370; Wright's App., 12 Pa. 256;  Shenk v. Shenk, 150 Pa. 521; Hamilton v. Porter, 63 Pa. 332;  Walter's App., 95 Pa. 305;  Cable's App., 91 Pa. 327;  Buchanan's App., 72 Pa. 448;  Knaub's Est., 144 Pa. 322;  Van Vliet's App.,

102 Pa. 574; Mitchell's Est., 182 Pa. 530; Hackadorn's App., 11 Pa. 86.

But even if the language of the present paragraph be considered sufficient to make the legacies of one-third of the valuation a charge upon the land, it is respectfully submitted that the appellees (who are the next of kin, legatees and personal representatives of the original so-called "other devisees") are not entitled to any portion of the fund for distribution for the reason that the legacies were not vested, but contingent: Engles's Est., 167 Pa. 463; Craig's App., 126 Pa. 223; Rudy's Est., 185 Pa. 359; Reilly's Est., 200 Pa. 288; Raleigh's Est., 206 Pa. 451; Mulliken v. Earnshaw, 209 Pa. 226; Scott's Est., 37 Pa. Superior Ct. 342; Roney's Est., 227 Pa. 127; Man's Est., 160 Pa. 609; Reiff's App., 124 Pa. 145; Pleasonton's App., 99 Pa. 362; King v. Crawford, 17 S. & R. 117.

*George Hay Kain,* with him *E. Philip Stair, David P. Klinedinst, Smyser Williams* and *Richard E. Cochran,* for appellees, cited: Edward's Est., 255 Pa. 358; Bolton v. Hey, 168 Pa. 418; Bell v. Allegheny County, 184 Pa. 296; Ruston v. Ruston, 2 Dall. 243.

OPINION BY TREXLER, J., July 13, 1917:

We are asked to construe the following clause of the will of Joshua Fetrow: "I give, devise and bequeath unto Michael Fetrow, son of Henry Fetrow now living with me during his natural life the tract of land (description). He the said Michael Fetrow to have and hold the same and keep said land and fences in order during his natural life, and at his death, I give and devise the same unto his children in equal shares, with this provision that they shall pay unto the other devisees named in this my last will, one-third of the valuation of said tract of land. In case the said Michael Fetrow shall have no children at his death then the said tract of land

shall be sold and the proceeds thereof divided among the surviving devisees, named in this will in equal shares."

There are three questions presented.

First. Is the legacy of "one-third of the valuation of said tract of land" a charge upon real estate?

It has been held that a mere direction to the devisee to pay is not sufficient to show such intention: Buchanan's App., 72 Pa. 448. If the intention appears by a natural and obvious implication from the words used, this is sufficient. Where the devise is coupled with the payment of the legacy as a condition annexed, then the land is charged with the payment. The words in the clause we are construing are, "with this provision that they shall pay." We have a number of cases which have construed the word "provided" or its equivalent as making a charge upon land, thus "provided he pay": Holliday v. Summerville, 3 P. & W. 533; "provided however that he shall pay for": Downer v. Downer, 9 Watts 60; "provided that he the said......shall pay": Pryer v. Mark, 129 Pa. 529; "upon the following conditions nevertheless that the said......pay": Walters's Est., 197 Pa. 555; "on condition he pay": Moran's Est., 13 Pa. Superior Ct. 251. All these expressions are held to couple the legacy with the devise of the land and show an intention to make the payment of the legacy a condition of the devise. The life tenant took his estate free of any burden. At his death it passed to those who were required to pay one-third of the valuation. This time of payment might have been near or remote depending upon the duration of the life of the life tenant and we do not think it within reason to suppose that testator's mind was directed to any person who was to be personally liable for this but that it was a condition imposed upon the passing of the fee and chargeable upon the land. We therefore conclude that this one-third of the valuation was a charge upon the land payable at the death of Michael Fetrow.

We may say in passing that the word "devisees" has no limited meaning. It was held in Fetrow's Est., 58

Pa. 424, by the Supreme Court in construing the same will that the word was not restricted to those to whom the real estate was given but included all the beneficiaries.

Second. Is the legacy vested or contingent?

As to the estate of Michael Fetrow's children, it vested at testator's death, Michael having one son, Eli, at that time. Where there is a devise of a life estate followed by a remainder to the children of the life tenant, the estate vests at once upon the birth of each child, subject to open and let in after-born children and this without regard to the question of whether or not a child survives the life tenant: Edwards's Est., 225 Pa. 358; Carstensen's Est., 196 Pa. 325; Rau's Est., 254 Pa. 464; Bair's Est., 255 Pa. 169, and cases there cited. See also Fetrow's Est., supra, in which another clause of Michael Fetrow's will was construed wherein as in the one before us, there was a subsequent limitation in case there should be a failure of issue.

The children of Michael having the fee, what is the nature of the charge created by the provision above quoted? Did the legacy of one-third of the valuation vest at testator's death so as to carry it to the children's children or to such others as succeeded to their rights or, all the devisees who were in being at Michael Fetrow's death having died before the life tenant, did the legacy lapse because there was no one who could bring himself under the description at the time of payment in order to take the benefit of the gift? Was the legacy contingent upon the legatee being in existence at the time of payment? No gift of an interest to the "other devisees" is found in any other clause of the will, and the gift is implied only from the direction to pay. If we were to stop here, we would be compelled to hold that the legacy was contingent for it has been repeatedly held "that where there is no separate and antecedent gift which is independent of the direction and time for payment, the legacy is contingent; and it seems to be as well founded

in reason, as rules of interpretation usually are. Where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality, in so much that if the one is future and contingent, so must the other be": GIBSON, C. J., in Moore v. Smith, 9 Watts 403. "The rule is conceded that where there is bequest in the form of a direction to pay, or pay and divide 'from and after' the happening of any event 'then the gift being to persons answering a particular description, if a party cannot bring himself within it he is not entitled to take the benefit of the gift' ": Rosengarten v. Ashton, 228 Pa. 389 (394).

We think that the present case is outside the general rule. If it appear from the language of the will that the testator intended to couple the payment of the legacy by the devisee with the devise of the land, so that payment is to be made because or as a condition on which the devise has been made, then the real estate is in equity chargeable with the payment of the legacy. In such a case the payment of the legacy is a condition on which an unencumbered title vests in the devisee: Moran's Est., 13 Pa. Superior Ct. 251 (265) ; Gumaer's Est., 19 Pa. Superior Ct. 621. "If however the devise of the land, upon which the legacy is charged, becomes vested either in possession or in interest immediately upon the death of the testator, and by the terms of the will is given subject to the payment of the legacy, the legacy must be considered likewise vested; and if the legatee should die before it becomes payable it will pass to his or her representatives; because in such case it is plain, from the terms of the will, that the legatee was as much the object of the testator's bounty as the devisee, and that the testator intended that the latter should take the land cum onere": Hodgson v. Gemmil, 5 Rawle 99. Furthermore the postponement of the payment of the legacy charged was not with reference to the circumstances of the legatees as in Weaver's Est., 39 Pa. Superior Ct. 419, but evidently only to let in the life estate of Michael Fetrow.

"There is no gift in these cases except in the direction to pay, or in the direction to pay and divide. But if upon the whole will, it appears that the future gift is only postponed to let in some other interest, or, as the court has commonly expressed it, for the greater convenience of the estate, the same reasoning has never been applied to the case": Man's Est., 160 Pa. 609 (612-613); Rosengarten v. Ashton, 228 Pa. 389 (396); Engles's Est., 167 Pa. 463; Moran's Est., 13 Pa. Superior Ct. 251. The postponement of payment is the result of testator's desire to give Michael Fetrow an unencumbered life estate in the land on which the legacy is charged and his purpose was to make the devisees in remainder not liable for the legacy until they had the means of paying it. The postponement was for the "ease and advantage" of the devisees of the land: Donner's App., 2 W. & S. 372; Weaver's Est., 39 Pa. Superior Ct. 419. We think the legacy was vested.

Third. When was the one-third valuation to be fixed, at testator's death or on the death of the life tenant? The more natural view to take of the matter was that the value of the one-third was to be determined at the time when it was to be paid. No useful purpose could have been served by fixing its value as of the time when the testator died. The devisees although receiving the fee could not enjoy the use of it until after the death of the life tenant and then when they entered into the enjoyment of the estate, the means of paying the legacy became theirs. We think it is reasonable to believe that it was the intention of the testator that the fixing of the amount would take place at the same time.

This disposes of all the questions raised by the appellants.

The decree is affirmed.