## Walters's Estate.

*Will—Maintenance of daughter—Charge on land.*

Where a testator blending his real and personal estate gives all of it to his son upon condition that the son shall pay certain pecuniary legacies, and particularly a legacy to a daughter L., "and further L. to have her living in the old homestead so long as she remains unmarried and does not charge wages for services rendered," L.'s maintenance is a charge upon the land, which cannot be divested by a sheriff's sale under an execution against her brother, and if, after such a sale, the brother supplies her with a home not on the land, L. will be entitled to receive from the purchaser of the land the difference, if any, between the money value of the support provided for by the will, and that which her brother has furnished and will hereafter be able to furnish. In such a case L. in order to enjoy the benefit of her legacy is not bound to remain on the homestead among strangers.

Argued Oct. 9. 1900, Appeal, No. 13, Oct. T., 1900, by Lucinda H. Walters, from judgment of Superior Court of

197      555
204      263
197      555
e210      220

197      555
36 SC   270

197      555
388SC   498

197      555
226       14

Pennsylvania, April Term, 1899, No. 15, reversing the decree of the Orphans' Court of Westmoreland Co., Nov. T., 1895, No. 18, confirming the report of the auditor in the estate of John Walters, deceased. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Appeal from Superior Court. Reported in 11 Pa. Superior Ct. 303.

From the record it appears that Lucinda H. Walters, daughter and legatee under the will of John Walters, petitioned to have a certain sum sufficient for her living set aside as a charge against lands under the will of her father, who died July 4, 1884, devising the lands to his son B. F. Walters, who accepted under the will and entered into possession. In May, 1895, the land was sold at sheriff's sale on a judgment against B. F. Walters, subsequent in date to the death of the testator. After the sale B. F. Walters removed from the farm, taking his sister with him. Subsequently she presented her petition for a rule on the purchaser of the land to show cause why such amount as should be decreed by the court should not be charged upon and payable out of said real estate by virtue of the clause contained in the will. The court appointed an auditor who reported, recommending that an allowance of $150 per annum be made in her favor payable by the purchaser out of the land, which report was confirmed and Mary J. Steele, the purchaser of the real estate, appealed to the Superior Court, which reversed the judgment of the orphans' court and dismissed the petition, from which judgment Lucinda H. Walters appealed.

*Error assigned* was the decree of the Superior Court.

*G. B. Shaw* and *J. M. Peoples*, with them *D. S. Atkinson*, for appellant.—By the terms of his will testator blended his real and his personal estate. It is certainly a well established rule of law that when they are so blended by the testator, the land is charged with the legacies: Tower's Appropriation, 9 W. & S. 103; McLanahan v. McLanahan, 1 P. & W. 96; Hassanclever v. Tucker, 2 Binn. 525; Whitman v. Norton, 6 Binn. 395; Wertz's App., 69 Pa. 173 Brisben's App., 70 Pa. 405;

Davis's App., 83 Pa. 349; Clery's App., 35 Pa. 54; Blake's Est., 134 Pa. 240; Bennett's Est., 148 Pa. 139; Sloan's App., 168 Pa. 422.

The testator's intention to charge his real estate with the legacies mentioned in his will, appears by the terms thereof: Ruston v. Ruston, 2 Dall. 243; Holliday v. Summerville, 3 P. & W. 533; Pryer v. Mark, 129 Pa. 529; Ripple v. Ripple, 1 Rawle, 386; Swoope's App., 27 Pa. 58; Gibson's App., 25 Pa. 191; Field's App., 36 Pa. 11; Wise's Est., 188 Pa. 258.

Lucinda's living is not contingent upon her remaining on the farm: Wusthoff v. Dracourt, 3 Watts, 240; Craven v. Bleakney, 9 Watts, 19; Steele's App., 47 Pa. 437.

Clearly the testator's intention was to provide a living for his daughter while she remained unmarried. The manner in which she is to receive her living is entirely subordinate to the primary intent. This must be carried out. Everything else must give way: Steele's App., 47 Pa. 437.

*Paul H. Gaither*, with him *Cyrus E. Woods, J. R. Spiegel* and *M. N. McGeary*, for appellee.—The case is ruled by South Mahoning Twp. v. Marshall, 138 Pa. 570.

The principle as laid down in the case of the Township v. Marshall, supra, is further supported by the following cases: Biddle's App., 80 Pa. 258; Haworth's App., 105 Pa. 363; 2 Pomeroy's Equity, sec. 1012.

The acceptance of a devise of land charged with the payment of a legacy creates a personal liability for its payment on the part of the devisee: Lobach's Case, 6 Watts, 167; Snyder's App., 75 Pa. 191; Steele's App., 47 Pa. 437; Hoover v. Hoover, 5 Pa. 355.

OPINION BY MR. JUSTICE FELL, January 7, 1901:

The facts of this case fully appear in its report in 11 Pa. Superior Ct. 303. The part of the will of John Walters to be considered is as follows: "I hereby give to my son, B. F. Walters, and his heirs, all my estate, real, personal and mixed, and to whatever I shall be entitled at my decease by note, book account or in any other way upon the following conditions, viz: It is my will that the said B. F. Walters and his heirs pay all my just debts and my funeral expenses, also to pay to

my son, J. C. Walters, the sum of $50.00, if he calls in person for it; to my daughter, Mary C. Zimmerman, now married to A. J. Steele, the sum of $600; to my daughter, Lucinda H. Walters, the sum of $1,000; and, further, Lucinda H. Walters to have her living in the old homestead so long as she remains unmarried and does not charge wages for services rendered." The question to be decided is whether the provision for the maintenance of Lucinda is a charge on the land devised to B. F. Walters, which has since passed by sheriff's sale to the appellee.

As there is a blending of the real and personal estate and a gift of both on condition that the legacies shall be paid, it is clear that the pecuniary legacies are charged on the land: Holliday v. Summerville, 3 P. & W. 533; Pyer v. Mark, 129 Pa. 529. It was so held by the Superior Court, but it was decided that the direction that Lucinda should have "her living in the old homestead" was not intended as a charge for her maintenance, and that it imposed a personal obligation only on the devisee of the land.

We see no valid reason for the distinction drawn. These legacies are alike conditions on which the land was devised. If the testator had used the words "to have her living from the homestead" or "from the proceeds of the land," a direct charge for maintenance would have been created: Gibson's App., 25 Pa. 191. The words he did use, considered in connection with the prior gift of the pecuniary legacy, which is clearly a charge, puts both legacies on the same plane. The appellant is given $1,000, and in the same sentence she is "further" given a living on the old homestead. The living she is to have is not in her brother's family, or in his home wherever it may chance to be, but in the place which had been the family home and which the testator expected would continue to be the home of his son and daughter. Her maintenance there, we think, he intended to secure in the same manner in which he secured the payment of the money, by making it not a personal obligation merely, but a condition of the devise of the land to his son. South Mahoning Twp. v. Marshall, 138 Pa. 570, is not authority for the order made. In that case the intent of the testator was to provide not for the support, but for the personal care, of a son who was able to

support himself, but who, because of mental weakness, needed the oversight and attention of his relatives. There was not a blending of the real and personal estate, and no condition was put on the devise of the land.

The legacy not being determinate, the charge on the land was not discharged by the sheriff's sale. The legatee in order to enjoy its benefit was not bound to remain on the homestead among strangers: Steele's App., 47 Pa. 437; South Mahoning Twp. v. Marshall, supra.

By his acceptance of the devise, B. F. Walters assumed a personal liability for the support of his sister. Both he and the land were bound. He has continued, although insolvent, to support her in the home which he established after the sheriff's sale. If the support which she has received and which he may hereafter be able to furnish is equal in value to the support provided for her by her father's will, she is not entitled to recover anything from the owner of the land. She is not entitled to both support and the money value of it. But she is entitled to support equal in value to that which the will gives her. The true measure of the allowance to her is the difference, if any, between the money value of the support provided for by the will and that which her brother has furnished and will hereafter be able to furnish. The finding of the auditor, although not so stated by him, is based on this rule. It appears from his report that, in determining the amount of the allowance, he took into consideration what she was given by the will and what she has received and what she will probably receive from her brother in the future, and the conclusion reached by him does, as nearly as possible, justice to all the parties in interest.

The order is reversed, and the decree of the orphans' court dismissing exceptions to the report of the auditor is reinstated.