# Walters, Appellant, v. Steele.

*Will—Annuity—Arrearages—Charge on land—Execution—Judicial sale for arrearages.*

An annuity charged on land continues as a charge after a judicial sale of the land for arrearages for such annuity. If after such a sale there is a balance of the proceeds after the payment of the arrearages, such balance goes to the defendant in the execution, and the annuitant must look to the land for any arrearages that may accrue thereafter.

Argued Oct. 10, 1904. Appeal, No. 101, Oct. T., 1904, by plaintiff, from decree of O. C. Westmoreland Co., Nov. T., 1895, No. 18, dismissing exceptions to sheriff's schedule of distribution in case of Lucinda H. Walters v. Mary Steele and A. J. Steele. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Petition for the sale of land to pay the arrearages charged on the land. Before STEELE, P. J.

From the record it appeared that the prayer of the petition was granted, and that at the sheriff's sale the land was sold for $3,500. Of this sum $1,637.48 was distributed to Lucinda H. Walters, the annuitant, and the balance $1,862.52 to Mrs. Mary Steele, the defendant, in the execution. Lucinda H. Walters filed exceptions to the sheriff's schedule of distribution to the effect that the balance should remain a fund in the control of the court to secure to her the payment of her annuity.

The court dismissed the petition and confirmed the sheriff's schedule of distribution.

*Error assigned* was the decree of the court.

*G. B. Shaw,* with him *D. S. Atkinson* and *W. C. Peoples,* for appellant.

*Paul H. Gaither*, with him *M. N. McGeary*, *Rabe M. Marsh* and *Cyrus E. Woods*, for appellee.

OPINION BY MR. JUSTICE BROWN, December 31, 1904:

In Walter's Estate, 197 Pa. 555, we held that the provision in the will of the father of the appellant, that she should " have her living in the old homestead so long as she remains unmarried and does not charge for services rendered," was a charge on the land devised to her brother, and had not been divested by a sheriff's sale of the land on a judgment entered against him after the death of the testator. The charge, as fixed by the court below, was the payment of $150 per year to the appellant during life; and in Steele v. Walter, 204 Pa. 257, it was decided that the appellee, as the purchaser of the farm at the sheriff's sale, took it subject to this charge. To enforce the arrearages due her, these proceedings were instituted by the appellant, and resulted in a sale of the land under the process of the orphans' court. Out of the net proceeds the sum of $1,366.93 was awarded to her for the arrearages due at the time of the sale, and the balance, $1,862.52, was directed to be paid to the appellee, the defendant in the execution. The contention of the appellant is, that this surplus should remain as a fund under the control of the court to secure future payments for her maintenance.

If the sheriff's sale had been on a mortgage or judgment, prior to which there was no encumbrance on the land except this charge, the sale would not have disturbed it. From the proceeds the beneficiary could have taken the arrearages due, but for those to become due she would have to look to the land, which had been relieved only to the extent of what was due when it was sold. This is so because the analogy between a charge on land for the support of a child through life and testamentary or statutory dower for a widow is complete; and on a sale of land charged with dower, when the sale is on an encumbrance between which and the charge no undivested liens exist, while the arrearages due the widow are payable out of the proceeds, she must look to the land for those subsequently accruing. " On a sheriff's sale of land, it is settled that all liens on the land, due at the time of the sale, when they are capable of being reduced to a certainty, are entitled

to payment out of the proceeds. It was long ago decided in Bantleon v. Smith, 2 Binn. 146 that arrears of ground rent, due at the time of the sheriff's sale, are payable out of the moneys raised by the sale. There is no distinction in this respect between a legacy charged on the land and other liens. The only reason why the future arrears of annuity, payable out of the land to the widow, have been excepted, is on account of the impossibility of computing their amount. Therefore, as to them, the purchaser has been held to take the land, chargeable with the future payments. But this reason does not apply to arrears due and payable. They are a fixed and certain debt, capable of exact computation, and therefore entitled to be discharged. The purchaser takes the land free and acquitted of them : " Reed v. Reed, 1 W. & S. 235.

How is it possible to compute what will become due to this appellant ? She may live one year or so many that all of the surplus, if retained under the control of the court, would be insufficient to pay her what she is yet to receive. Among the many other cases recognizing and enforcing the rule laid down in Reed v. Reed are Dickinson v. Beyer, 87 Pa. 274 ; Davison's Appeal, 95 Pa. 394 ; Luther v. Wagner, 107 Pa. 343.

That the proceedings which resulted in the sale were instituted by the appellant herself can make no difference in the application of the rule ; and she must look to the land for arrearages to accrue after the sheriff's sale. Just as she could have taken nothing from the proceeds but the arrearages due, if the land had been sold on a lien subsequent to the charge, so she could have instituted no independent proceeding to recover anything more. The land was not sold on the process of a stranger, and there was no fund to which she could go for her arrearages. She turned to the land for what was due her, and, having received from it all that it was bound for when she went upon it, she must go there again as often as her support from it is withheld when due. Decree affirmed at appellant's costs.