## Conkle v. Laughlin, Appellant.

*Wills—Devises—Estate in remainder, subject to care for life tenant—Failure to care for—Assumpsit.*

A testator devised his house to his wife for life, with the remainder to his son, with the provision that the son should board and take care of his mother during her lifetime. After remaining four weeks the widow left the premises devised, which the son continued to occupy, but contributed nothing to the support of his mother. In an action of assumpsit for the support of the life tenant during her lifetime, a verdict for the plaintiff will be sustained.

It was not necessary that the life tenant should live with the remainderman to be entitled to receive the board and care specified in the will.

Argued April 22, 1920. Appeal, No. 55, April T., 1920, by defendant, from judgment of C. P. Beaver County, March T., 1917, No. 243, on verdict for plaintiff in the case of Samuel K. Conkle, Administrator of Mary J. Laughlin, deceased, v. Robert L. Laughlin. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for breach of contract for support. Before RUPPEL, P. J. of 16th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $644.70 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, and refusal of defendant's motion for judgment non obstante veredicto.

*Lawrence M. Sebring,* for appellant.

*William A. McConnel,* and with him *James H. Cunningham,* for appellee.

OPINION BY LINN, J., July 14, 1920:

Plaintiff, defendant's stepmother, obtained a verdict and judgment in assumpsit for breach of obligation assumed by defendant under the will of his father "to board and take care of his mother," and for use and occupation by defendant of premises devised to her for life.

The will provided: "Second. I give, devise and bequeath to my beloved wife, Mary J. Laughlin, the house and lot in which I now reside during her lifetime and her decease to go Robert L. Laughlin and to his absolutely and to hold him and his heirs forever, and further Robert L. Laughlin is to board and take care of his mother, and my wife Mary J. Laughlin is to receive forty dollars $40 each year for spending money to do with as she may see fit.    Third: I give, devise and bequeath to my son John Laughlin the house and lot on which he now resides, to be his absolutely and to hold him and his heirs forever my son John Laughlin is to pay his share of the forty dollars to his mother the same as Robert L. Laughlin each to share alike in making payment."

Testator appointed his sons, John and Robert L., executors and after his death on May 29, 1915, they proved the will and qualified as executors.    When the will was executed, July 28, 1913, testator's household consisted of himself, his wife and his son, the defendant; at testator's death, defendant's son and daughter-in-law also lived with them.    Plaintiff was then 82 years old.    For about four weeks after her husband's death, she remained with the defendant and his son and daughter-in-law.    She then became dissatisfied there, and went to live with one of her own children, where she died after the trial of this case; her death was suggested of record September 6, 1919, and her administrator was substituted as plaintiff.    After she left defendant's household, he continued to occupy the house.

She brought suit January 31, 1917, and declared for support for the 86 weeks between the date of her husband's death and January 29, 1917, less four weeks, during which she resided with defendant. She also declared for the rental value of the premises occupied by defendant for twenty months. The amount claimed on both accounts was $1,120; she recovered a verdict and judgment for $644.70 which resulted in this appeal.

The assignments of error are numerous and as we are all of opinion that they lack substantial merit, we shall not refer to them separately.

By the will plaintiff received a life estate in the premises, and defendant the remainder. He assumed the obligation "to board and take care of his mother"; he and his brother made the annual payments of $40 as required by the will and he also made repairs to the house, paid taxes and insurance.

Defendant's difference with plaintiff appears in his answer to the following question:

"Q. Then your position was that she had either to live with you or else you were not bound to keep her?

"A. That is the way I understand from the way the will reads."

Defendant concedes that he did not "board and care for" plaintiff save during the four weeks she lived with him; he states that he was prepared to do so in his own household, which she left, and that she left without reasonable cause. Whether she was to receive board and care in his household and whether she was justified in leaving were submitted to the jury, a course not prejudicial to appellant, for in this case the court might properly have instructed the jury that the widow was not required to remain in defendant's household to receive the board and care specified in the will of her husband: Steele's App., 47 Pa. 437, and cases cited at page 440; see also South Mahoning Township v. Marshall, 138 Pa. 570; Walter's Est., 197 Pa. 555. Appellant cannot complain that plaintiff declared and recovered for the speci-

fied period instead of "during such a period of time as the jury estimates to be the life expectancy of the beneficiary" as his learned counsel suggests. While boarding with her daughter, plaintiff sustained injury and required the services of a physician and nurse; the reasonable cost of those services was properly for consideration by the jury, under the obligation to care for plaintiff. There was ample evidence of the reasonable cost of board and care under the circumstances and also of the reasonable rental value of the house, and this evidence was submitted to the jury with adequate instructions. The jury was also instructed to credit defendant with the amount paid by him for repairs and taxes, for which plaintiff as life tenant was liable. We are referred to no authority supporting appellant's point that a separate suit should have been brought to recover for use and occupation of the premises and we see no merit in the objection.

The judgment is affirmed.