## Walton's Estate.

*Judgments—Res adjudicata—Judgment for arrears of alimony followed by assessment of damages for failure to pay alimony awarded from date of judgment to respondent's death.*

Where judgment has been entered against the respondent in divorce for alimony in a specified sum, with a further order upon him for weekly allowances from the date of the entry of the judgment, a supplemental judgment by way of assessment of damages for unpaid alimony from the date of the former judgment to the date of his death is not a judgment within the principle of law that where a person brings suit on a written contract and fails to include all that is due him up to that time on the contract, he cannot recover in a second suit on the same contract the amount omitted in the first suit; and, hence, the amount of such assessment of damages may be allowed as a claim against the respondent's estate, notwithstanding the allowance of the specified sum for which the first judgment was entered upon a former audit of the executor's account.

Exceptions to adjudication of Lamorelle, P. J. O. C. Phila. Co., April T., 1921, No. 218.

*E. Spencer Miller*, for exceptions; *Frank A. Harrigan*, contra.

THOMPSON, J., Nov. 29, 1924.—The accountant, son of decedent, has filed exceptions to a surcharge of $11,459, with interest from Feb. 21, 1920, which was awarded to the widow of decedent as a creditor, that amount being the minimum value of certain assets lost to the estate through the fraudulent conduct of the accountant. The facts are few and readily understood. The decedent was the owner of the entire capital stock outstanding of the Bankers Surety Company, a North Dakota corporation, which owned certain real estate in New Jersey. The accountant was directed, in the first adjudication of his account, to reduce this asset to possession for purposes of distribution, the only persons in interest being his mother, as a creditor and distributee, and himself. Instead of so doing, the accountant organized a corporation under the laws of the State of New Jersey, to which all the assets of the North Dakota corporation were conveyed. The outstanding stock of the New Jersey corporation was held as follows: One share by the New Jersey attorney of the accountant, one share by the accountant individually and forty-eight shares by the accountant's wife. It thus appears that the assets of the North Dakota corporation, the entire capital stock of which was owned by the decedent, were diverted to the New Jersey corporation, in which the estate had no interest. The auditing judge could not do otherwise than to surcharge the accountant with the assets so lost to the estate, which he found to be at least the amount of the widow's claim as a creditor, with the right reserved to her to proceed further in respect to the same. No exceptions were filed to the method adopted by the auditing judge as to the value of the assets so lost to the estate.

The accountant's fifth exception is as follows:

"5. The learned judge erred in not finding that the judgment rendered by a New York court for alimony was a single judgment or decree, and that, under it, the greater part of what is now claimed was due when the original decree was entered by this court, and that the balance then due cannot be made a subject of a new judgment in this court."

The facts upon which this exception are based are also few and readily understood. The adjudication of the first account of the accountant, confirmed absolutely May 3, 1923 (3 D. & C. 84), shows that there was awarded to the widow of the decedent the sum of $2164.76, being a judgment for $1240

and costs, totaling $1359.33, entered June 27, 1911, in the Supreme Court for the County and State of New York for alimony, which, together with interest, amounted at the time of the adjudication of the first account to the above sum of $2164.76. This amount appears to have been paid by the accountant. There was also presented at the first audit a claim for additional alimony at the rate of $20 per week from May 27, 1911, to Feb. 11, 1920, amounting to $9100, the latter date being one day before decedent died, concerning which claim the auditing judge said in his adjudication:

"I will only recognize the judgment, however, at this time, in the amount of $1359.33, with interest from June 27, 1911. In my judgment, I should not assess the damages of claimant in the New York judgment for $20 a week from May 27, 1911, for the reason that I think this assessment should be made in the court which entered the judgment. It may be, in an action of this kind, that there are local reasons for not compelling the defendant to pay the full $20 per week according to the original order; therefore, claimant has leave to proceed in the New York court in which the judgment was entered for an assessment of damages under its decree for alimony.

"As will appear hereinafter, whatever balance is in the hands of the accountant after payment of the $1240 judgment, with interest and costs, is to be awarded back to the accountant for further accounting and for further consideration of the claim for alimony, and the same can be adjusted at that time."

Following the above instructions, application was made to the Supreme Court for the County and State of New York for alimony for the above period, with the result that said court entered the following decree:

"Upon the order of Justice Wagner, dated July 17, 1922, and duly filed in the office of the Clerk of the County of New York on the 17th day of July, 1922, and on motion of Wise, Whitney & Parker, attorneys for the plaintiff, it is

"Adjudged that judgment herein be docketed *nunc pro tunc* as of February 21st, 1920, in favor of the plaintiff, Frances R. Walton, and against the defendant, Alfred Walton, in the sum of Eleven thousand four hundred fifty-nine ($11,459) Dollars.

"Dated July 17th, 1922.          JAMES A. DONEGAN, Clerk."

It will thus be seen that what the exceptant calls a new judgment was merely the assessing of damages down to date upon a judgment previously entered, that upon the audit of the first account the arrears of alimony had not been definitely ascertained, and the auditing judge then held that when so definitely ascertained they should be presented at a subsequent audit. The principle of law contended for by the exceptant, to the effect that where a person brings suit on a written contract and fails to include all that was due him at that time on the contract, he cannot recover in a second suit on the same contract the amount omitted in the first suit, can have no application: Anhaltzer *v.* Benedum, 266 Pa. 113; Conkle, Admin'r, &c., *v.* Laughlin, 83 Pa. Superior Ct. 468.

The exceptions filed to the action of the auditing judge in refusing accountant certain disbursements claimed to have been made for attorney's fees and traveling expenses are without merit, and are, therefore, dismissed.

The action of the auditing judge in fixing the amount of fees and expenses will not be disturbed except for manifest error, which does not exist in this case.

The exceptions filed to the action of the auditing judge are, therefore, dismissed and the adjudication confirmed absolutely.