## Estate of Stephen Clark, Deceased.

Argued April 22, 1930.

Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM
and BALDRIGE, JJ.

*Jas. L. Kennedy*, for appellant, cited: Conkle v. Laughlin, 75 Pa. Superior Ct. 32; Steele's Appeal, 47 Pa. 437.

*Harry L. Allshouse*, for appellee, cited: Hoover v. Hoover, 5 Pa. 351; Shaffer's Estate, 262 Pa. 15.

OPINION BY BALDRIGE, J., July 10, 1930:

Stephen Clark, a widower, died testate on August 18, 1926, seized of real estate consisting of four houses which had a rental value of $55 per month. There was no inventory filed and the amount of the personal property was in dispute, but, at most, it was but little over the sum required to pay the debts. The amount is not important as there was a blending of real and personal estate: Walters' Est., 197 Pa. 555.

The decedent in his last will provided as follows: "I give and bequeath all of my property, whether real, personal or mixed, and wheresoever situate, to my daughter, Annie Ward, to have, hold, possess and enjoy the same for and during the period of her natural life, with the understanding that she is to keep and support my sister, Mary Wall, during her life time." As there was no devise over, Annie Ward Crawford was entitled to a fee simple: Section 12, Wills Act, June 7, 1917, P. L. 403 (407). The daughter, now intermarried with Frank Crawford, accepted the provisions of the will and occupies one of the houses as her home and has collected the rent accruing from the other houses from the date of the death of the decedent. A petition was presented to the orphans' court by Mary Wall, alleging that Annie Ward Crawford did not carry out the provisions of the last will of the decedent in failing to keep and support the petitioner. An answer was filed averring that the petitioner, who lived with the appellant several months after the death of the testator, left the home of the

respondent of her own free will and accord and that the respondent was willing to keep and support her in her own home. The learned court below, after a full hearing, ordered the respondent to pay the petitioner $7.50 per week, payment to begin as of May 27, 1927.

The appellant in her statement of questions involved raises the following issues for consideration: (1) Was there a legal obligation on her to support the decedent's sister, or do the words "with the understanding" imply a simple request, which is not mandatory? (2) If there is a legal obligation imposed, is she to keep and support the decedent's sister in her own home? (3) Is the order excessive? (4) Has the orphans' court jurisdiction?

The real contention is whether a charge on the land was created. No particular form is necessary to charge a legacy on land: Gilbert's App., 85 Pa. 347. Charges on land have been created where "provided" he shall pay was used (Pryer v. Mark, 129 Pa. 529); or "subject to" (Hammond's Est., 197 Pa. 119); or "upon consideration" (Est. of Joseph Wise, Jr., 188 Pa. 258), and similar expressions. Decisions in other cases may assist in the interpretation of wills, but it is the intention of the testator that is sought after and it controls in the construction. That intention may appear in plain language or by natural and obvious implication: Gilbert's App., supra.

In the case at bar, the testator gave his estate to his daughter "with the understanding that she is to keep and support my sister," etc. "Understanding," as sometimes used, may be somewhat vague or ambiguous and is given different interpretations. It was held in Low v. Ramsey, 122 S. W. 167, "with the understanding" created a charge on the land, while in the case of Tillman v. Ogren, 125 N. E. 821, it is but an expression of a wish or hope only, and not enforceable. The meaning of the word is not inflexible and

depends on the various circumstances. As used here, it would seem to be clear that the testator's apparent purpose was to create a charge on the land. It is quite evident he desired that his sister be supported and that her bequest be secured. If we adopt the theory of the appellant and hold that the word is precatory, the daughter would take the estate and could disregard the language of the testator. In our view, it implies a definite obligation. The fact that milder words were used than those of an absolute command does not interfere with the bequest being a charge.

In the case of Presbyterian Board of Foreign Missions v. Culp, 151 Pa. 467, Mr. Justice STERRETT, in discussing the use of precatory words, said, "The hardship of this law finally compelled the courts to declare that words of recommendation, request, entreaty, wish or explanation, addressed to the devisee or legatee will make him a trustee for the person or persons in whose favor such expressions are used."

The daughter had a husband, while on the other hand the sister was a widow, 65 years of age, without any money of her own, and for a time made her home with the decedent. She left his house, when the daughter expressed her desire to live with her father, and went to live with another sister.

It is contended upon the part of the appellant that a devise of the fee cannot be stripped of its inherent attributes by subsequent words merely indicating a wish to do so. If the dominant intent was to devise a fee, then the subsequent words are to be disregarded: Pattin v. Scott, 270 Pa. 49; but if it is clear that the controlling intention was to impose a condition or to restrict the gift, the subsequent words must be given effect: Edwards v. Newland, 271 Pa. 1; Chestnut v. Chestnut (opinion filed by Mr. Justice SIMPSON, April 21, 1930). Sometimes it is difficult to determine

whether it is the intent of the testator to impose a personal charge upon the devisee or to charge the property devised. The distinction is that where the testator merely recommends that the devisee shall keep and support another, no charge is imposed upon the legacy devised, or upon the devisee, individually. Where the direction calls for personal care and attention and cannot be discharged simply by paying the sum sufficient to furnish support, it is imposed with a personal obligation and that is not a charge upon the real estate: South Mahoning Twp. v. Marshall, 138 Pa. 570; but if there is language used indicating a positive direction or a plain implication that the devisee shall support a designated person, then this support is imperative and not by way of advice, and the support of such person is a charge upon the land: Baylor's Est., 249 Pa. 5. We are of the opinion that the language used in the decedent's will brings this case within the last category.

The second question relates to the duty of Mary Wall to live with the daughter. The testimony was contradictory relative to the circumstances of the sister's leaving the appellant's home, as well as to her not returning. There is nothing in the will, however, that compels Mary Wall to live in the appellant's household in order to receive the benefit of the decedent's will: Conkle v. Laughlin, 75 Pa. Superior Ct. 32. Judge LINN in that case said, "Defendant concedes that he did not 'board and care for' plaintiff save during the four weeks she lived with him; he states that he was prepared to do so in his own household, which she left, and that she left without reasonable cause. Whether she was to receive board and care in his household and whether she was justified in leaving were submitted to the jury, a course not prejudicial to appellant, for in this case the court might properly have instructed the jury that the widow was not required to remain in defendant's household to

receive the board and care specified in the will of her husband: Steele's App., 47 Pa. 437, and cases cited at page 440; see also South Mahoning Township v. Marshall, 138 Pa. 570; Walter's Est., 197 Pa. 555.''

In answer to the third question, we do not think that the lower court abused his discretion in awarding the sum of $7.50 per week. After the payment of the amount awarded and the taxes, insurance, etc., and costs incident to maintaining the four houses, there would be a small cash balance for the appellant's benefit and she would have the enjoyment of the house she lives in without cost, and that amount is not more than is required to support a woman of advanced years in a frugal manner. The trial judge gave careful consideration to these various items of expenditure to maintain the property, which it is unnecessary for us to repeat here, and his findings are very persuasive with us, unless the conclusions are clearly erroneous and work a manifest injustice, which does not appear in this case: Gongaware's Est., 265 Pa. 512; Craven v. Bleakney, 9 Watts 19.

Nor do we agree with the appellant's view that the orphans' court was without jurisdiction in this controversy. Section 24 of the Act of 1917, P. L. 447 (490), provides: ''The remedy for the collection, or enforcement of payment, or delivery of all legacies, whether pecuniary, specific, or otherwise, and whether charged on land or not, shall hereafter be exclusively in the orphans' court, saving the jurisdiction of other courts in actions which may be pending at the time of the approval of this act.'' The commissioners appointed to Codify and Revise the Laws of Decedents' Estates called attention in their report to the fact that this is a new section and the remedy for collection of legacies is now entirely in the orphans' court as actions at law for that purpose have fallen into disuse.

After careful consideration of the contentions raised by the appellant, we are of the opinion that the learned

court's conclusions on the questions involved were correct.

Judgment is affirmed.