## In re Rachunas.

*Leonard Morgan, M. A. Donohue* and *William P. Burke*, for petitioner.

*Peter Turek* and *M. F. McDonald*, contra.

VALENTINE, J., September 30, 1930. — Margaret Rachunas is a single woman, twenty-six years of age, physically deformed and concededly a feeble-minded person within the meaning of the Act of May 28, 1907, P. L. 292, amended by the Act of April 1, 1925, P. L. 101.

On petition of Anthony and Petruna Rachunas, brother and sister-in-law of Margaret Rachunas, setting forth that Mary Rachunas, mother of Margaret Rachunas, and of Anthony Rachunas, the petitioner, died January 11, 1930, testate, and by her will, duly probated, devised certain real estate to Mar-

garet Rachunas for life "and the remainder to my son Anthony and his wife, provided they maintain and provide for my daughter Margaret during her life," a writ of habeas corpus was awarded commanding Joseph Rachunas, William Rachunas and Michael Rachunas, children of Mary Rachunas, to produce Margaret Rachunas before the court.

On the hearing, counsel for the respondents took the position that, inasmuch as there was no testimony indicating that Margaret Rachunas was dissatisfied to live with them, the case presented neither "confinement nor restraint," and that, therefore, it did not fall within the provision of section thirteen of the Act of February 18, 1785, 2 Sm. Laws, 275.

"There is . . . no very satisfactory definition to be found in the adjudged cases, of the character of restraint or imprisonment suffered by a person applying for the writ [of habeas corpus] which is necessary to sustain it. . . . Whether considered as it existed at common law or under the English statutes, or as guaranteed under the constitutions of the various states, the essential object and purpose of the writ of habeas corpus is to inquire into all manner of involuntary restraint, as distinguished from voluntary, and to relieve a person therefrom, if such restraint is illegal . . ." 12 R. C. L. 1187, § 10.

Relator is feeble-minded and physically deformed. Her mother, who, better than any other person, knew her condition and realized her necessities, specifically directed that the petitioners, Anthony Rachunas and Petruna Rachunas, his wife, should "maintain and provide" for her, and while such provision does not necessarily oblige the beneficiary to live with her brother and his wife (Clark's Estate, 99 Pa. Superior Ct. 490), the testatrix probably contemplated that this daughter, owing to her physical and mental condition, should live with the son and daughter-in-law who were to "maintain and provide" for her. On what theory have the other children of the decedent the right to insist that Margaret live with them? Her appearance and manner in court clearly indicated that she was not capable of determining this question for herself.

"The petitioner must be in such control or custody of the person against whom the petition is directed that his body can be produced at the hearing by the said custodian or restrainer." 12 R. C. L. 1188, § 10. This is the precise situation in the present case. Margaret Rachunas was produced in court by the respondents, and we are unable to see upon principle, at least, why the writ of habeas corpus was not properly invoked.

The writ lies to determine the right of custody of a minor child, a lunatic (Com. v. Kirkbride, 3 Brewster, 393), or an aged person: Com. v. Curby, 8 Phila. 372.

Margaret Rachunas is an adult in body but feeble in mind, and under the circumstances we are constrained to the conclusion that the right to her custody can be properly determined in the present proceedings.

In Com. v. Curby, supra, Finletter, J., said: "The real facts of the case are not in dispute. They show that the old lady, of ample means, residing in her own house, anxious to spend the last hours of a long life where for fifty years she has lived mistress of herself and her home, against her remonstrance is forced from that home. Notwithstanding this, if she were of sound mind and capable of judging and acting in her own affairs with intelligence, and desired to remain with her captors, I would discharge this writ because she should not then be said to be restrained of her liberty. But it is conceded that she has not that capacity; and we must, therefore, regard her as we would a minor of tender years."

Custody of Margaret Rachunas is awarded to Anthony and Petruna Rachunas.

### Order.

Now, September 30, 1930, after hearing, it is ordered, adjudged and decreed that Margaret Rachunas is not able, owing to insanity and weakness of mind, to take care of her property, and the Miners Trust Company of Nanticoke, Pennsylvania, is appointed guardian of said Margaret Rachunas, as provided for by the Act of May 28, 1907, P. L. 292. Said guardian to furnish bond in the sum of $1000, with surety to be approved by the court.

From Frank P. Slattery, Wilkes-Barre, Pa.