## Olanoff's Estate

*Israel Packel,* for petitioner; *Jacob A. Olanoff,* for respondents.

GEST, J., October 26, 1934.—The testator, who died on April 8, 1932, provided in his will as follows:

"Second. I give and bequeath the produce business, now conducted by me at

No. 345 No. Front Street, Philadelphia, to my sons Hyman Olanoff, Selick Olanoff and Isadore Olanoff, absolutely, in the proportions of thirty-five per centum (35%) to Hyman Olanoff, thirty-five 35% to Selick Olanoff and thirty per centum to Isadore Olanoff, both as to ownership and division of profits; provided, however, that the said Isadore Olanoff shall be the managing partner in the said business.

"Third. I further direct that my said sons Hyman, Selick and Isadore Olanoff shall be permitted to use and occupy so much of the premises 345 No. Front Street, as is now occupied by me for the conduct and carrying on of their said business, without the payment of any rent therefor to my Estate, they, however, to pay the taxes and water rent on the said premises, to pay the dues, interest and premium on the building association mortgage secured thereon, when as the said taxes, water rent and charges become due and payable, to make all necessary repairs to said premises and to pay weekly, on Monday of each week, the sum of Ten Dollars ($10.) in cash to my wife, Esther Olanoff, the income and rent received from the other tenants of the said property, 345 No. Front Street shall be and to be taken as income upon my residuary Estate."

And his residuary estate he devised to his wife and seven children, including Hyman, Selick, and Isadore.

Esther Olanoff, the widow of testator and the stepmother of his children, presented this petition setting forth the will, and averring that the said Hyman, Selick, and Isadore Olanoff, with knowledge of its provisions, accepted the produce business at 345 North Front Street for their own benefit and have occupied the premises, but that they have failed to make any payment to the petitioner, who presented her petition for a citation to show cause why they should not do so.

The respondents in their answer averred that there was no business left by the testator at his death, except an empty store, and that the estate was insolvent. They averred that two of them, viz., Hyman and Selick, have started business for themselves and paid rent for the premises to their brother, Isadore, for the purpose of paying debts of the testator and expenses incurred before and after his death. The petitioner by her attorney filed what is called a demurrer to this answer, argumentative in character, for which there is no precedent, and we have stricken it out. We have heard the case upon the petition and answer.

The petitioner is clearly entitled to the relief prayed for. The respondents accepted the benefits given them by the will and thereby incurred a personal obligation or liability to make the payments directed by the will. He who accepts the benefit must bear the burden annexed to it. It is a matter of no importance whatever that the benefit received by the devisees proved, or may prove, to be unsatisfactory, or that there are unpaid debts of the testator: Hoover v. Hoover, 5 Pa. 351; Masters' Estate, 85 Pa. Superior Ct. 292. This appears always to have been the law: Ruston's Execs. v. Ruston, 2 Dallas 243, 2 Yeates 54; Lobach's Case, 6 Watts 167. And the jurisdiction of this court to enforce payment of the charge is also clear: Clark's Estate, 99 Pa. Superior Ct. 490; section 24 of the Fiduciaries Act of 1917. The respondents allege that they have, from the rental value of the premises, paid some debts of the decedent, the amount of which is not stated, but that would consitute no defense. That was not the duty of the devisees; it was the business of the executor or administrator. Besides, rents are not assets for payment of debts unless they are brought into administration under section 14 of the Fiduciaries Act, and, moreover, the lien of debts is lost in any event by the expiration of time.

The defense being destitute of merit, the prayer of the petition is granted, and the respondents are ordered to pay to Esther Olanoff $10 per week for every week since April 8, 1932, with interest upon each instalment as it became due.

Counsel will prepare an appropriate decree.