## Hurst's Estate

*Eaton & Eaton,* for accountants.

*E. E. Petrillo,* for exceptant.

WAITE, P. J., July 29, 1941.—The first and final account of Calla Rankin and Fred Rankin, executors of the estate, showing a balance of $502.09 for distribution, is before the court for audit. Three exceptions have been filed on behalf of Marjoria Whitford.

Exceptions 2 and 3 are not sustained by the evidence and are, therefore, dismissed.

The first exception is as follows:

"1. Exception is taken to the account for the reason that the accountants have not charged themselves with the payment of the sum of one hundred ($100) dollars

bequeathed to exceptant under the terms of the will of the said G. T. Hurst, deceased."

This exception requires a construction of decedent's will to determine his intention which, as has often been said, is the pole star by which the court must be guided in construing it. See Brennan's Estate, 324 Pa. 410, Brown's Estate, 289 Pa. 101, and Clark's Estate, 99 Pa. Superior Ct. 490. The portions of the will out of which this controversy arises are items 1 and the first and fourth paragraphs of item 3, which are as follows.

"1st. All removable equipment and fixtures of bathroom and water system I give to Marjoria Whitford;"

"3rd. (1st paragraph) To Net, my wife, I give the joint bank account in Clymer Bank whatever the sum and an additional $200."

"(4th paragraph) If Net Hurst should prefer to retain the bathroom and water system intact she can pay the sum of $100 to Marjoria Whitford and retain it."

After carefully considering the entire will, we are clearly of opinion that it was testator's intention that the daughter, Marjoria Whitford, was either to have (a) "all removable equipment and fixtures of bathroom and water system", or (b) in lieu thereof to have the sum of $100 in the event that decedent's wife, Net Hurst, decided to retain "the bathroom and water system intact." The wife did retain the bathroom and water system intact, and in our opinion the $100 bequeathed to the daughter in lieu of the bequest of "all removable equipment and fixtures of bathroom and water system" which the wife has retained must be deducted from the $200 bequest to the wife in the first paragraph of the third item of the will. It is urged that, since the bathroom fixtures were a part of the real estate which was owned by the widow, testator could not make a valid disposition of them in his will. Conceding this to be true, however the bequest to the daughter in addition to the bathroom fixtures also includes "the removable equipment," which is manifestly

not a fixture, and also "the water system" concerning which there is no testimony to show whether or not this was a fixture or removable property. Even conceding that testator had no right to dispose of any part of this property, he still had a right to impose a condition upon his bequest of $200 to the wife, which in our opinion he clearly did. Carefully considering the whole will, or, as is so often said, from its four corners, we are clearly of the opinion that the first exception must be sustained. If the wife prefers to pay the $100 direct to the daughter she may do so. Upon filing a receipt showing that such payment has been made, the bequest of $200 may then be distributed to the wife direct.

The first exception is, therefore, sustained and distribution is directed to be made in accordance herewith. The residue of the estate is to be distributed in equal parts among decedent's children living at the time of his death.